552 F.2d 149
 29 Fair Empl.Prac.Cas. 876, 14 Empl. Prac.
Dec. P 7561
Alfred PITTMAN, Individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
E. I. duPONT de NEMOURS & COMPANY, INCORPORATED, Defendant-Appellee.
 No. 76-1482.
 United States Court of Appeals,
Fifth Circuit.
 May 16, 1977.
 
 Leon S. Hirsch, Henry M. Rosenblum, Robert B. O'Keefe, Houston, Tex., for plaintiff-appellant.
 John B. Abercrombie, Ross Harrison, Houston, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before MORGAN and HILL, Circuit Judges, and NOEL*, District Judge.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 The issue sought to be raised on this appeal is the scope of discovery in a Title VII pre-certification class-action suit. The plaintiff propounded 90 interrogatories to the defendant pursuant to Fed.R.Civ.P. 33. The defendant objected. Upon motion of the plaintiff to compel answers, the district court in most respects denied the motion on the basis that the interrogatories were "overly broad and burdensome, and appear to be an abuse of the discovery process, the Court and the Defendant." (App. at 219). Sua sponte, the district court granted the plaintiff leave to file an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b). We affirm and remand.
 
 
 2
 In essence the plaintiff, Alfred Pittman, contends that the district court has unduly restricted discovery. In opposition to the plaintiff's motion to compel, the defendant, E. I. duPont de Nemours & Co., Inc., raised five specific objections. The plaintiff contends that the district court's decision in favor of the defendant was tantamount to agreeing that the five specific objections were valid. The defendant asserts that the district court did not rule on specific objections but simply upheld the defendant on the general grounds. Thus, the defendant argues that the scope of discovery is a matter within the discretion of the district court and that there was no abuse in this case.[1]
 
 
 3
 The district court's alleged limitations in this case were made prior to a determination as to whether the case could proceed as a class action and, if so, the scope of the action. Of course, a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action. The plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class.
 
 
 4
 We are convinced, however, that the issues sought to be raised by the plaintiff are not properly before us. Our problem with this case is that the issues raised are in the main hypothetical. From the record it does not appear that the district court sustained any one of the defendant's five specific objections. The district court merely concluded that the interrogatories as propounded were "overly broad and burdensome, and appear to be an abuse of the discovery process, the Court and the Defendant." This decision was well within his discretion. The plaintiff made no attempt to narrow the scope of discovery or ameliorate the burden placed upon the defendant. In short, the issues which the plaintiff seeks to have this Court decide have never been decided by the district court. We are not inclined to establish the specific parameters of discovery available to the plaintiff prior to certification and before the district court makes its decision. The plaintiff's assertion that the district court will sustain the objections of the defendant is an insufficient predicate upon which we might base an advance ruling.
 
 
 5
 We, therefore, affirm the decision of the district court and remand this case for further proceedings without prejudice to the plaintiff's right to pursue discovery in a more deliberate fashion.
 
 
 
 *
 Senior District Judge of the Southern District of Texas, sitting by designation
 
 
 [1]
 The reason for the dispute lies in the fact that the plaintiff's motion was discussed in chambers without the benefit of a court stenographer