James SMITH et al., Plaintiffs,

v.

COMMUNITY FEDERAL SAVINGS &
LOAN ASSOCIATION OF TUPELO
et al., Defendants.

No. EC 76–102–S.

United States District Court,
N. D. Mississippi, E. D.

June 9, 1977.

Leonard McClellan, Lewis Myers, Jr., North Miss. Rural Legal Services, Oxford, Miss., for plaintiffs.

Thomas D. Murry, Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

On May 25, 1976, plaintiff James Smith (Smith) filed this action against defendants Community Federal Savings & Loan Association of Tupelo (Community) and Mr. Hoyt Payne (Payne), president of Community, alleging that they violated 28 U.S.C. §§ 1981, 1982, 1983 and the Thirteenth and Fourteenth Amendments to the Constitution of the United States by maintaining and pursuing employment practices which discriminate against black persons because of their race. Smith seeks to bring this action on behalf of himself and a class of all black persons who have applied for employment with Community but have not been hired or who have been dissuaded or deterred from seeking employment with Community because of its discriminatory employment practices. The plaintiff has not yet requested the court to certify the class.

Plaintiff alleges that defendants do not "hire Blacks on an equal basis with Whites because of the color of their skin" and maintain "employment practices and policies which operate as barriers to equal employment opportunities for Blacks on account of their race or color." Concerning Smith's individual complaint, he claims that during July, 1975, he applied for employment with Community, that he was never contacted or considered for employment after submitting his application but that white persons who had qualifications similar to his and who applied for employment after him were hired. Smith contends that defendants did not consider him for employment because he is a black person. He seeks, inter alia, injunctive relief and compensatory damages.

The defendants have three motions pending: (1) Motion for partial summary judgment; (2) Motion for protective order delaying answer of plaintiffs' first set of interrogatories to defendants; (3) Motion to strike class allegations of complaint. The plaintiff has pending a motion for additional time to make class action showing.

## I. Defendants' Motion for Partial Summary Judgment.

Defendants have moved for summary judgment as to Smith's individual claim arguing that it should be dismissed because no genuine issue exists as to any material fact and that under the law dismissal is warranted. Defendants claim the relevant facts may be derived from the affidavit of Mr. James F. Ingram, Vice-President of Community and from a copy of Smith's employment application which have been filed with the court. These documents show (1) that Smith submitted his application for employment on or about July 22, 1975; (2) that the last person employed by Community was hired on August 5, 1974, and no one has been hired since that date; and (3) that no job vacancies have occurred since that date.

Under these facts defendants contend that plaintiff cannot establish a prima facie case of racial discrimination under the reasoning presented in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *McDonnell Douglas* was an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., where the court dealt with "the order and allocation of proof in a private, non-class action challenging employment discrimination." 411 U.S. at 800, 93 S.Ct. at 1823. The court set forth a three-step procedure allocating the burden of proof

The [employee] in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a

racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [the employee's] qualifications.

▪  ▪  ▪  ▪  ▪

■ The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection.

▪  ▪  ▪  ▪  ▪

■ [If nondiscriminatory reasons for rejection are presented, then the employee] must  .  .  .  be afforded a fair opportunity to show that [the employer's] stated reason for [the employee's] rejection was in fact pretext.

411 U.S. at 802, 804, 93 S.Ct. at 1824 (footnote omitted).

Although Smith's complaint is not based on Title VII, defendants argue that the analysis of *McDonnell Douglas* is applicable to a claim brought under 42 U.S.C. § 1981, citing *Sabol v. Snyder,* 524 F.2d 1009, 1012 (10th Cir. 1975) and *Long v. Ford Motor Co.,* 496 F.2d 500, 505 n. 11 (6th Cir. 1974) as supporting that application. Defendants contend that under the facts shown in the above-listed documents, Smith cannot satisfy each of the four parts of the *McDonnell Douglas* test for establishing a prima facie case of racial discrimination.

■ Plaintiff's argument against granting partial summary judgment consists of citing cases which (1) define the purpose of summary judgment (2) set forth the standard for determining whether summary judgment is justified and (3) provide that summary judgment is not warranted when the moving party controls the evidence containing facts supporting denial of

the motion. No argument is presented addressing the application of *McDonnell Douglas* to the facts of this case. No affidavits in opposition to the motion have been submitted nor has plaintiff filed an affidavit pursuant to Fed.R.Civ.P. 56(f)[1] explaining why he has been unable to present opposing affidavits. Plaintiff's memorandum in opposition to the motion contains the only explanation for not filing opposing affidavits. In the memorandum plaintiff states that he has been "unable to present by evidentiary affidavit facts that are essential to his charges [because] the evidence that is necessary to establish these facts are in the possession and control of the Defendant  .  .  ." and that he has not been able to ascertain these facts through discovery because of defendants' pending motion for a protective order which is discussed *infra.*

"It is elementary that where the party moving for summary judgment supports his motion with sworn matter  .  .  .  the opponent bears a burden of presenting affidavits  .  .  .  to create a genuine dispute of fact." *Golden Oil Co. v. Exxon Co., U. S. A.,* 543 F.2d 548, 551 (5th Cir. 1976). When a party does not have possession of facts to oppose the summary judgment motion and wants time to obtain them by discovery or other means, he should file an affidavit pursuant to Fed.R.Civ.P. 56(f). 6 Pt. 2 *Moore's Federal Practice,* ¶ 56.24 at 56–1423 (1976). But there are occasions when the court can overlook the failure of a party to strictly comply with Fed.R.Civ.P. 56(f). *Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1145–46 (5th Cir. 1973), *cert. denied,* 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1974). In *Littlejohn* plaintiff's counsel stated in his brief opposing summary judgment his reasons for not submitting opposing affidavits. Commenting on the method used by counsel the court stated:

It is true that this representation was not in affidavit form by plaintiff in per-

---

1. Fed.R.Civ.P. 56(f) reads as follows:

    Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court

may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

son but we think that the written representation by his lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances. Form is not to be exalted over fair procedures.

483 F.2d at 1146.

The court will overlook plaintiff's procedural shortcoming in this case and deny the motion so that discovery may be taken. In denying the motion the court intends to make no comment on defendants' application of *McDonnell Douglas* to this case and the denial is not intended to prejudice defendants' right to renew the motion after plaintiff has had an opportunity to participate in discovery.

## II. *Defendants' Motion for Protective Order.*

■ Defendants seek a protective order pursuant to Fed.R.Civ.P. 26(c) claiming that plaintiff's first set of interrogatories will require extensive investigation to answer, are unreasonable in scope and cover an unreasonable period of time. Plaintiff's interrogatories were propounded to defendant on May 26, 1976, and consist of 46 pages containing 141 separate interrogatories many with subparts. Many of them seek information covering a time period from January 1, 1960, to the present.

The court finds that defendants' claim that answering the interrogatories will require extensive investigation is not justification for a protective order.

The court agrees with defendants' argument that a protective order should be issued because the interrogatories are overly broad. The court believes that the time period covered by the interrogatories is unreasonable and that the scope of inquiry too broad because the interrogatories seek information about defendants' employment practices for a period of time which is not relevant to this case in its present stage of development. Many of the interrogatories are phrased as though this case had already been certified as a class action. Other interrogatories seek information about the sex of persons who have applied for employment with defendants or who are employed by defendants. Since plaintiff's complaint alleges only racial discrimination any information regarding the sex of employees or applicants is not relevant. Fed. R.Civ.P. 26(b). To require defendants to respond to these interrogatories at this stage of the case would impose an undue burden on them. The court will sustain the motion for protective order but without prejudice to plaintiff's right to propound interrogatories which cover a period of time extending no more than 10 years from the date plaintiff filed his application for employment, i. e., back to July, 1965, and which seek information relevant to plaintiff's individual claim or to class certification. *See, Pittman v. E. I.duPont de Nemours & Co.,* 552 F.2d 149 (5th Cir. 1977). If this case is later certified as a class action, plaintiff may then seek information regarding the class' cause of action.

## III. *Defendants' Motion to Strike Class Allegations of Complaint and Plaintiff's Motion for Additional Time to Make Class Action Showing.*

■ Since these two motions are related they will be considered together.

Plaintiff's motion for additional time to make class action showing is based on the argument that plaintiff is unable to move for class certification until responses to plaintiff's first set of interrogatories are received. Plaintiff requests that he be granted 30 days from the date of receipt of defendants' response to the interrogatories within which to file a motion for class certification.

Defendants contend that plaintiff's failure to timely file a motion for class certification within 60 days after defendants filed their answer as required by the court[2] demonstrates that plaintiff will not adequately

---

**2.** A letter dated May 26, 1976, was mailed by the clerk to counsel for plaintiff and defendants informing them that plaintiff must move for class certification within 60 days after the filing of defendants' answer. The letter informed plaintiff's counsel that additional time could be obtained for "adequate cause" provided a timely application was made.

represent the class as required by Fed.R. Civ.P. 23(a)(4). Defendants argue that avenues of discovery other than the interrogatories were available to plaintiff but he failed to utilize them. No action was taken by plaintiff regarding class certification until plaintiff filed the motion for additional time and this occurred 7 months after defendants filed their answer.

While the court must agree that plaintiff's tardy actions together with defendants' argument for partial summary judgment as to plaintiff's individual claim, *supra,* do not speak well of plaintiff's claim to represent the class, the court is reluctant on the current record to deny plaintiff the opportunity to move for class certification. Plaintiff will be allowed additional time to move for class certification.

An appropriate order will be entered by the court.