Anna PENK, et al., Plaintiffs,

v.

**OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.**

**Civ. No. 80–436.**

United States District Court,
D. Oregon.

Sept. 28, 1982.

Don S. Willner and JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

Plaintiffs seek an order compelling defendant to provide "new and accurate" computer tapes containing statistical data on class members for the years 1979–80, 1980–81, and 1981–82, and to provide accurate tapes for the years 1977–78 and 1978–79, which defendant has never provided. Defendant contends the tapes for the earlier two years are not within the scope of discovery because its liability under Title VII can only extend back to the 1979–80 year. It further contends that the tapes for the 1980–82 years are the most accurate it has, and that since to make the tapes more accurate would require manually searching individual faculty records that plaintiffs

may have access to, the burden should be on the plaintiffs to search these records and correct the tapes, because they are the ones requesting the information.

■ As to the tapes for the years 1977–78 and 1978–79, Fed.R.Civ.P. 23(b)(1) provides that a party may obtain discovery as to any matter "which is relevant to the subject matter involved in the pending action." The claim of plaintiffs in this action is that certain Board policies and practices filter down through local institutional and departmental decisionmaking processes and result in discrimination against women. Clearly the statistical evidence requested for the 1977–78 and 1978–79 years may be relevant to show that Board policies do in fact filter down and have a discriminatory impact, although they may not be relevant to the issue of plaintiffs' damages, for example. Other courts have allowed discovery of evidence of discrimination prior to the plaintiff's filing a Title VII suit against a defendant. *See Stevenson v. General Electric Co.,* 26 F.R.Serv.2d 574 (S.D.Ohio 1978), *Smith v. Community Federal Savings & Loan Association of Tupelo,* 77 F.R.D. 668 (N.D.Miss.1977); *see generally* 4 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 26.56[1] n. 26 (Cum.Supp.1982). The tapes for the two earlier years are discoverable.

The second issue in this case involves who should perform and bear the cost of the task of correcting the computer tapes containing statistical information on faculty members. Plaintiffs claim they cannot perform the sophisticated analyses required to prove their claim with data containing as many inaccuracies as that supplied by defendant.[1]

■ This court agrees with defendant's assertion that normally a party should not be compelled to answer an interrogatory that requires a compilation of data when that party is willing under Fed.R.Civ.P. 33(c) to allow the requesting party access to records from which the requesting party can make his own compilation of data. However, an exception to this rule exists where it appears the compilation would have to be made by the interrogated party in the course of preparation for trial. *See* 4A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 33.20 n. 16 (2nd ed. 1982). The disposition of this motion turns on whether the defendant will also need to use a more accurate set of data for any statistical analyses it might use in defense. If the defendant does not need and will not use in its defense a more refined set of data, then defendant need not prepare an accurate set of data.[2] If, however, defendant intends to use a more accurate set of data, then defendant shall forthwith prepare the accurate set of data, keeping an accurate account of the costs, which costs shall be borne equally by plaintiffs and defendant.

If indeed both sides require the use of a more accurate data base, this court strongly urges the parties to work together to create one at the lowest possible cost. It would be wasteful and a hindrance to the clear presentation of evidence at trial for the parties to operate under separate data bases.

Accordingly, IT IS ORDERED:

1. Plaintiffs' motion to compel production of computer tapes for the years 1977–78 and 1978–79 is GRANTED.

2. Plaintiffs' motion to compel defendant to correct errors on all computer tapes is disposed of as above stated.

---

1. Plaintiffs made only vague reference in their brief and did not press at oral argument any contention that defendant had intentionally made the tapes supplied to plaintiffs less accurate than those held by defendant. The court will assume that the tapes provided by defendant are inaccurate because of simple deficiencies in defendant's record-keeping system.

2. Should it appear, however, later in this litigation that defendant has in fact used a corrected data base in its analyses, this court will assess the defendant the cost of plaintiff's correction of the data and will entertain possible further sanctions.