James H. CONNETT, Plaintiff,

v.

JUSTUS ENTERPRISES OF KANSAS, INC., a/k/a Justus Cylinder–Technology, Inc., et al., Defendants.

No. 87–1739.

United States District Court, D. Kansas.

Oct. 27, 1988.

F.C. McMaster, McMaster and McMaster, Thomas A. Wood, Wichita, Kan., for Connett.

Jan Fink Call, Stinson, Mag, Fizzell, Overland Park, Kan., John C. Aisenbrey, Kansas City, Mo., for Coopers & Lybrand.

William R. Smith, Robert J. O'Connor, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for Ranson & Co., Inc., Mid Continent Mun. Investments, Inc., J.O. Davidson & Associates, Inc., Carlos D. Taylor.

William P. Higgins, Regan & McGannon, Wichita, Kan., for Shotts.

Wayne C. Ponader, Bose, McKinney & Evans, Indianapolis, Ind., Martin W. Bauer, Martin, Pringle, Oliver, Wallace & Swart, Wichita, Kan., for Walter G. Justus Trust.

Shook, Hardy & Bacon, Overland Park, Kan., for B.C. Christopher Securities Co.

## OPINION AND ORDER

THEIS, District Judge.

This matter is before the court on the motion of defendants Ranson & Co., Inc., Carlos D. Taylor, J.O. Davidson & Associates, Inc., Mid-Continent Municipal Investments, Inc., B.C. Christopher Securities Co., and R.G. Dickinson & Co. ("movants") for an extension of time to respond to plaintiff's motion for class action determination. Movants seek an extension of time until thirty (30) days after plaintiff's deposition in which to respond. Plaintiff does not consent to the requested extension of time.

Plaintiff has not yet been deposed. Movants represent to the court that plaintiff's counsel is proposing December 2–3, 1988 or January 6–7, 1989 as the earliest possible dates for scheduling plaintiff's deposition. Movants' requested extension would therefore delay the court's ruling on class certification until early 1989.

Plaintiff filed his motion for class action determination on September 27, 1988. In support of his motion, plaintiff relies solely on the allegations of his complaint. Plaintiff does, however, reserve the right to present oral testimony in support of his motion in the event defendants object to class certification. Plaintiff apparently anticipates a full evidentiary hearing on his class certification motion. Movants assert that a full evidentiary hearing will be required before the court rules on plaintiff's motion. The court agrees that the burden is on the plaintiff "to present an evidentiary basis to the court showing that the action is properly maintainable as" a class action. D.Kan.R. 209(d). A full evidentiary hearing is not, however, required:

> Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.

*General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *see also* 7B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1785 at 111 (2d ed. 1986).

Regardless of whether the court conducts a full evidentiary hearing on plaintiff's motion for class certification, some discovery now may simplify the court's task in ruling on the motion. Pre-certification discovery may be appropriate, and in some cases may be necessary, to determine whether the requirements of Fed.R.Civ.P. 23 have been satisfied. *E.g., Sirota v. Solitron Devices, Inc.,* 673 F.2d

566, 571 (2d Cir.), *cert. denied*, 459 U.S. 838, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Chateau de Ville Productions, Inc. v. Tams–Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir.1978); *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir.1977); *Pittman v. E.I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977); *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 699, 707 (4th Cir.1976); *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir.1973) (en banc).

█ The court is willing to allow a limited continuance to allow defendants to depose plaintiff prior to responding to plaintiff's motion for class certification. The court is not willing to grant the open-ended extension requested by movants, however. The court will grant an extension of time until Friday, December 30, 1988. If the plaintiff has not been deposed by that date, movants must file another request for extension and explain why they have been unable to depose plaintiff. All parties are instructed to cooperate in the scheduling of plaintiff's deposition.

IT IS BY THE COURT THEREFORE ORDERED that the motion for extension of time filed by defendants Ranson & Co., Inc., Carlos D. Taylor, J.O. Davidson & Associates, Inc., Mid–Continent Municipal Investments, Inc., B.C. Christopher Securities Co., and R.G. Dickinson & Co. is hereby granted in part. Defendants are hereby granted an extension of time until December 30, 1988 in which to respond to plaintiff's motion for class action determination.