Gertrude HAMMACK, Plaintiff-Respondent,

v.

Roy WHITE, Defendant-Appellant.

No. 33578.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Kenneth S. Teasdale, St. Louis, for appellant.

James F. Koester, St. Louis, for respondent.

WEIER, Commissioner.

Plaintiff, Gertrude Hammack, sought and obtained a verdict and judgment in the

sum of $10,000.00 against the defendant, Roy White, for personal injuries which plaintiff sustained as the result of an automobile collision. Defendant has appealed.

Defendant first raises the point that the trial court erred in overruling his oral motion for a continuance because plaintiff's counsel failed to send defendant's counsel a copy of answers to defendant's supplementary interrogatories which revealed that two additional doctors had waited upon and examined plaintiff; that defendant thereby suffered prejudicial surprise by failure to receive this information. In order to understand this contention, we examine the facts disclosed by the record.

We first note that the transcript fails to set out the supplementary interrogatories or the answers. Neither does it show their dates of filing nor their certification of service. Normally, on review, we are bound by the record. We may not notice or accept a statement of a fact asserted in a brief which is not supported by the transcript. Avalon Development Company, Inc. v. American Italian Construction and Development Company, Inc., Mo. App., 437 S.W.2d 702, 703[1]. Neither can we determine what was filed or done in the trial court on the basis of such a statement. Lubrication Engineers, Inc. v. Parkinson, Mo.App., 341 S.W.2d 876, 879[9]. On the other hand, if adversary counsel concedes in his brief that which has been omitted, then we may consider it as though it were set out in the record. Nastasio v. Cinnamon, Mo., 295 S.W.2d 117, 119[1]. In the case before us, plaintiff has conceded in her brief that the answers were filed on February 19, 1969. We will therefore accept as a fact that the answers to the supplementary interrogatories were filed on the date agreed to by both attorneys.

Other facts pertinent to the issue appear in a statement made to the court by counsel for defendant in support of his oral motion for continuance. On Monday, April 14, 1969, after the case was assigned for trial, defendant's counsel, upon examining the file, found answers had been filed February 19, 1969, setting out the names of the two doctors. Counsel informed the court that April 14, 1969, was the first time he had received notice of the answers. It appeared, however, that on March 24, 1969, he had filed a motion to dismiss plaintiff's cause of action for failure to answer the supplementary interrogatories and had given plaintiff's attorney notice that this motion would be heard on April 2, 1969. On or before this last date defendant's counsel related to the court that in a telephone call he had been informed by opposing counsel that he thought the answers had been filed and a copy would be mailed. The motion on the docket was passed, but a copy of the answers was never mailed. To this plaintiff's counsel replied that he could not recall the conversation and could neither affirm nor deny it.

Defendant's attorney, claiming surprise, then advised the court that if he had known that plaintiff had engaged the services of the two doctors named, he would have been able to take their depositions and compel production of other medical records. The court, indicating that there could be no surprise since the answers had been in the court file since February 19, 1969, denied the request for a continuance.

We cannot charge the trial court with error on its ruling. Civil Rule 65.03, V.A.M.R., requires that an application for continuance, unless the adverse party consents that it be made orally, must be made in writing accompanied by an affidavit, setting forth the facts on which the application is founded. The application was here made orally, apparently without consent of opposing counsel. No request was made to supply the record with a written motion or to give counsel time to prepare one. The assignment to trial and the request for continuance were made in the afternoon, but the jury was not empanelled and trial did not commence until 10:25 the next morning. This would have allowed counsel time to prepare his written motion

and affidavit. But even if this had been done, it is difficult to see that the court could be charged with an abuse of discretion in denying the continuance. By his own admission, counsel acknowledged that on or about April 2, 1969 (in a telephone conversation with opposing counsel) he had become acquainted with the fact that the answers had been filed. Even though the file apparently had not been checked before this conversation by defendant's counsel, he had time from at least April 2, 1969 to April 14, 1969 to have determined the content of the answers and made preparation. Defendant's counsel had further availed himself of the privilege of having plaintiff examined by a specialist in the medical field wherein plaintiff's last two doctors allegedly had much expertise. This specialist was not only eminently well qualified as to his training, but was also on the staff of numerous hospitals and a professor in his specialty at one of the medical schools in the St. Louis area. He was called and was used as a witness. Defendant's counsel had the benefit of his examination and consultation. Even if the request had been in proper form, we cannot convict the trial court of error for its denial of the request. The granting of a continuance is largely within the discretion of the trial court and every intendment is in favor of the court's ruling on appeal. Krieber v. Krieber, Mo.App., 420 S.W.2d 376, 379[3].

Defendant's second and last charge of error is directed to the action of the trial court in quashing a portion of a subpoena duces tecum. This subpoena was directed to one of plaintiff's doctors and commanded him to bring into court records which were described in "Exhibit A" attached to the subpoena. "Exhibit A" contained four paragraphs describing the files, records, reports, and accounts to be produced in court by the witness. The first, which the court allowed to stand, described the file of the plaintiff, Gertrude Hammack, and included records, notes, including financial accounts, pertaining to the examination and treatment of this patient and any memoranda or

notes concerning discussions with her attorney. Because of the nature of the objection to the remainder of the paragraphs and our treatment of the court's action in quashing them, they are set out verbatim:

"2. Your complete file, including but not limited to all records, reports, written notes, perscriptions (sic) and other written memoranda pertaining to the examination and treatment of all patients who have been represented by attorney James F. Koester or attorneys associated with him for the calendar years 1966, 1967 and 1968.

"3. Your complete records of all fees or other sums of money received by you from or on behalf of patients represented by attorney James F. Koester or attorneys associated with him or (sic) the calendar years 1966, 1967 and 1968. Include all records of all fees received by you for testifying in court in cases in which you were testifying on behalf of a patient or other person represented by attorney James F. Koester or attorneys associated with him.

"4. All financial books and records of account showing payments received for testifying in court for or in behalf of any person for the calendar years 1966, 1967 and 1968."

The subpoena duces tecum to which "Exhibit A" was attached was issued by the circuit clerk on April 15, 1969, the day on which the trial before the jury commenced. It was served that day, and required the witness, with the papers described therein, to be in court on that day. When the witness appeared later that day and the attorney for plaintiff learned of the service of the subpoena on the witness, he moved that it be quashed. The court, after examination of the requirements for documentary production contained in the subpoena, quashed all of paragraphs 2 and 4 and all of paragraph 3 except the second sentence which was allowed to remain other than the words "or other person" and the phrase "or attorneys associated with him." In denying the motion to quash as

to that part of the second sentence which the court let stand, the trial judge remarked that it might take some time for the witness to comply, depending on how his records were kept. The doctor was then called, sworn, and, out of the hearing of the jury, testified that he kept records of charges alphabetically under patients' names; that if he made any charge for testifying in court, it went on the patient's record; that he saw about 200 patients per week and worked about 40 weeks out of each year. Stating that to require the information as to fees received for testifying for plaintiff's attorney on patients over a three-year period would be burdensome, untimely, and delay the trial for several days if the information could be obtained at all, the trial judge thereupon quashed the remainder of paragraph 3.

■ Defendant contends the trial court erred in quashing paragraphs 2, 3 and 4, because the motion to quash was filed by the attorney for plaintiff, whereas the grounds for quashing the subpoena under Sec. 491.100 RSMo 1969, V.A.M.S., is one personal to the witness which must ordinarily be raised by him, citing State ex rel. R. W. Filkey, Inc. v. Scott, Mo.App., 407 S.W.2d 79. Our only answer to this is that the doctor in his own testimony at the hearing protested the enforcement of these paragraphs of the subpoena duces tecum by relating how burdensome it would be to go over numerous files of patients over a three-year period to obtain the information which he was required to bring into court only a few hours before. Under the circumstances here present, the court properly quashed paragraphs 2, 3 and 4.

■ Defendant further asserts that the ruling of the court on the subpoena duces tecum is in conflict with the ruling in State ex rel. McNutt v. Keet, Mo. en banc, 432 S.W.2d 597, 601, to this effect:

"We therefore hold that once the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under § 491.060(5) so far as infor-

mation from doctors or medical and hospital records bearing on that issue is concerned."

This ruling is directed toward waiving the privilege as to the issues concerning plaintiff's physical condition. It does not waive the privilege with respect to the doctor opening his files on all patients who may have been represented by the attorney for plaintiff. These other patients do not have their physical condition in issue under the pleadings in the case at bar. They may not even have a case filed in court. Further, if the doctor would be required to produce the files of these patients under the broad language of paragraph 2 of the subpoena, they would be placed in the unreasonable position of having their personal files opened for inspection without being in a position to claim or waive their privilege against such incursion of their medical records.

Judgment for plaintiff is affirmed.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

BRADY, P. J., and WOLFE, J., concur.