Valerie WILLIS, Appellant,

v.

Frederick BROT, Respondent.

No. 46217.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Donald L. Schlapprizzi, St. Louis, for appellant.

Robert D. Arb, St. Louis, for respondent.

CRANDALL, Presiding Judge.

This is an appeal from an order of the trial court dismissing appellant's (Willis) petition against respondent Brot with prejudice for failure to answer interrogatories.[1] The interrogatories in question inquired into the working relationship between one of appellant's doctors and appellant's attorneys in personal injury suits in which appellant was not a party.

Appellant filed her petition against several defendants, including respondent, for damages for personal injuries arising out of a multi-car collision. During the course of discovery, respondent directed two sets of interrogatories to appellant. The first set was of a conventional nature and was timely answered by appellant. In the answers to the first set of interrogatories, appellant disclosed that Dr. Nasrallah, a chiropractor, had treated her for injuries arising out of the automobile accident and that he would be called as an expert witness at trial. In his second set of interrogatories to appellant, respondent asked the following questions:

1. State the number of people making injury claims represented by attorney William M. Londoff during the year 1980 who had also been treated by Dr. Nadim Nasrallah, D.C.

2. State the number of people referred to Dr. Nadim Nasrallah, D.C. by attorney

1. Appellant's motion to strike respondent's supplemental brief from the legal file is denied.

William M. Londoff and/or attorneys Foehner and Vuylsteke during the years 1979, 1980, 1981 and 1982 to date.

3. State the number of times that attorney William M. Londoff and/or attorneys Foehner and Vuylsteke have deposed Dr. Nadim Nasrallah, D.C. during the years 1979, 1980, 1981 and 1982 to date.

4. State the number of medical reports received by attorney William Londoff and/or attorneys Foehner and Vuylsteke from Dr. Nadim Nasrallah, D.C. during the years 1979, 1980, 1981 and 1982 to date.

5. State the number of times that Dr. Nadim Nasrallah, D.C. testified in Court during the years 1979, 1980, 1981, and 1982 to date for the firm of Foehner and Vuylsteke or for some other firm to whom attorney William Londoff had referred the case.

Appellant filed objections and a separate motion for a protective order, both of which the trial court denied. Appellant then answered each of the interrogatories by stating: "I have no personal knowledge of this and, therefore, cannot answer it." On motion, the trial court dismissed appellant's petition with prejudice and designated its order as final for purposes of appeal. Rule 81.06. We reverse and remand.

The information which respondent sought, albeit for impeachment purposes, is within the general scope of discovery as defined by Rule 56.01(b)(1). "Information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action." 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2015 at 115 (1970); *Pfefer v. Bachman,* 386 S.W.2d 680, 684 (Mo.App.1964). The question presented in this case is whether such information can be obtained through interrogatories, directed to a party but in fact answerable only by the party's attorneys or the party's medical expert.

■ We first consider whether the attorneys' knowledge of the matters inquired into by the interrogatories can be imputed to appellant. In certain cases an attorney's personal knowledge is imputed to the litigant and is therefore discoverable through interrogatories. *See e.g. State ex rel. Pete Rhodes Supply Co. v. Crain,* 373 S.W.2d 38, 41–44 (Mo. banc 1963); *see also* Rule 56.-01(b)(1) (which specifically provides for the discovery of the "*identity* and *location* of persons having knowledge of any discoverable matter.") (Emphasis added.) In these cases, however, the information sought related *directly* to facts discovered or information developed by the litigant's attorney for the trial of the case.[2] The information respondent sought, dealing with other lawsuits in which the attorneys and the medical expert were involved, is collateral evidence that was requested for the sole purpose of impeaching appellant's expert. It does not constitute facts discovered or information developed by the appellant's attorneys for the trial of appellant's case. We therefore hold that, in this case, the attorneys' personal knowledge may not be imputed to appellant.

■ The question remains whether appellant can be compelled to provide information within the personal knowledge of Dr. Nasrallah. Rule 56.01(b)(4) governs discovery practice relating to experts. Under Rule 56.01(b)(4)(a) only the name and the "general nature of the subject matter on which the expert is expected to testify" can be obtained from a party through interrogatories.[3] Respondent's interrogatories go beyond this limitation and were, therefore, improper. Under Rule 56.01(b)(4)(b) the facts and opinions held by the expert, and, by implication, relevant information to impeach the expert's testimony regarding

---

**2.** The discovery of these matters is, of course, subject to various restrictions such as privilege and work product. *See e.g. Miller v. Iler,* 556 S.W.2d 492, 492 (Mo.App.1977).

**3.** It has been suggested that one reason for this restriction is to shield the expert from a contin-uous barrage of interrogatories (directed to a party but, in fact, answerable only by the expert). Simeone & Walsh, *The New Missouri Rules on Civil Discovery,* 30 J.Mo.Bar 463, 465–466 (1974).

the facts and opinions held, are only discoverable by deposition, coupled perhaps with a motion to produce the expert's records.

We therefore hold that the information sought by respondent is not discoverable through interrogatories. The trial court's order dismissing appellant's petition with prejudice is reversed and the case is remanded with directions to reinstate appellant's petition.

REINHARD and CRIST, JJ., concur.