**STATE of Missouri ex rel. WHITACRE and Dr. Raymond Frederick, Relators,**

v.

**Honorable Joseph LADD, Judge of the Circuit Court of Franklin County, Respondent.**

**No. 50488.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 10, 1985.

Thomas J. Plunkert and Robert P. McCulloch, St. Louis, for relators.

Eugene H. Fahrenkrog, St. Louis, for respondent.

SNYDER, Presiding Judge.

This original prohibition proceeding presents the question whether a deposition subpoena duces tecum issued to a witness and commanding the production of documents to be used only for impeachment purposes at trial should be quashed. The trial judge denied a motion to quash the subpoena and ordered the production of the documents. We issued our preliminary writ in prohibition which we now make absolute.

Plaintiffs below, Corene and David Mitchell, filed suit against relator Mitchell Whitacre for damages arising out of a motor vehicle accident. Plaintiff Corene Mitchell was examined by relator, Dr. Raymond Frederick, relator Whitacre's expert medical witness.

A notary public, at the request of plaintiffs below, issued a subpoena to take the deposition of the custodian of the records of Dr. Frederick, the subpoena commanding the custodian to bring "all calendars, appointment books, ledgers, notebooks, or the like" which recorded Dr. Frederick's court testimony, deposition schedules, office examinations and charges for his services concerning patients not seen for purposes of treatment but only for the rendition of medical opinions about the nature and extent of their injuries, for the period between January 1, 1983 through June 30, 1985.

The subpoena also commanded a compilation of statistical information for the same two and one-half year period concerning: 1) the total number of patients seen by Dr. Frederick; 2) the total number of patients

not seen for purposes of treatment; 3) the total number of patients seen for whom a medical report was sent outside the office concerning patients examined by Dr. Frederick; 4) the total number of patients seen at the request of an insurance company; 5) the total number of depositions given and the total amount charged for them; 6) the total number of times Dr. Frederick gave live (in court) testimony and the total amount charged for all of the testimony; and 7) the total number of examinations performed by Dr. Frederick, when a medical report was made, along with the total charges for the examinations and reports and for any x-rays taken during the examinations.

The subpoena in question commanded the production' of the documentary evidence under Rule 57.09 which authorizes a subpoena to command the production of "books, papers, documents, or tangible things designated therein;" but permits a court, upon motion, to quash or modify the subpoena if it is unreasonable or oppressive or to condition denial of the motion upon the advancement by the person seeking to obtain the documents of the reasonable cost of producing them.

Relator Whitacre filed a motion to quash the subpoena duces tecum. The trial court denied the motion in its entirety upon the condition that plaintiffs agreed to pay the reasonable costs of Dr. Frederick in finding and compiling the information and to remove the case from a trial docket. The plaintiffs deposited $300.00 as payment for the reasonable costs and the case was removed from the docket. The relators, defendant Whitacre in the case below and his medical expert, Dr. Frederick, then filed a petition for a writ of prohibition in this court and we issued our preliminary writ.

■ Prohibition is the proper remedy when a trial court abuses its discretion in a discovery order to the extent that its act exceeds its jurisdiction. *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 327[1–3] (Mo.App.1985).

■ The relators argue with some vehemence that the command to produce is oppressive and unreasonable because of the burden in time and money placed upon Dr. Frederick in going through his records for a period of two and one-half years in order to segregate the requested information and to compile the requested statistics. The trial court held otherwise in its order denying the motion to quash. This court, however, finds the subpoena request to be unreasonable, oppressive and intrusive and therefore makes its preliminary writ absolute.

The trial court found that the requested material had a bearing on the bias of the expert medical witness. Whether documents which provide evidence which is not material and relevant to the substantive issues of the case, but is to be used only for purposes of impeachment, are subject to discovery by means of a subpoena duces tecum is a question which has not been decided in any recent Missouri case.

Earlier cases hold that documents to be used only for impeachment purposes are not subject to production in discovery proceedings. Prior to 1945, no statute authorized the production of documents at the taking of a deposition. Effective January 1, 1945 a new code of civil procedure was enacted which included § 510.030 (1943 Mo. Laws p. 353 § 86). Section 510.030 provided for the production of documents, papers and tangibles during discovery proceedings. The section remains in effect today as originally enacted. § 510.030 RSMo. 1978.

One of the first cases to address the impact of § 510.030 on the issue of discovery of documents solely for the purpose of impeachment was *State ex rel. Thompson v. Harris,* 355 Mo. 176, 195 S.W.2d 645 (Mo. banc 1946). *Harris* was a proceeding to prohibit a circuit judge from compelling the production of copies of statements given to the defendant railroad in answer to interrogatories by the plaintiff and three witnesses who were relatives of the plaintiff. The supreme court said that under the then new code which authorized the use

of interrogatories, it was the intention of the legislature to limit the scope of examination by interrogatories to that permitted by deposition. *Id.* Citing *Hammond v. Schuermann Building & Realty Company*, 352 Mo. 418, 177 S.W.2d 618 (Mo.1944), the court also said that under the new code of civil procedure: "[e]vidence which serves only to impeach has ordinarily no substantive value." 195 S.W.2d at 647[3]. Later cases followed the path taken in *Harris*. See, *e.g., State ex rel. Chicago, Rock Island and Pacific Railroad v. Riederer*, 303 S.W.2d 71, 73–74[1, 2] (Mo. banc 1957); *State ex rel. Headrick v. Bailey*, 365 Mo. 160, 278 S.W.2d 737, 741[8, 9] (Mo. banc 1955); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 760[2–5] (Mo.App.1960).

The thread of the reasoning that runs consistenly through all the cases interpreting § 510.030 is that the evidence disclosed by the documents sought in discovery must be evidence admissible at trial for its relevancy and materiality to the substantive issues of the case and not merely for impeachment purposes. *But cf. Willis v. Brot*, 652 S.W.2d 738, 739 (Mo.App.1983) (held in dicta that information only, not documents, sought for impeachment purposes was within the general scope of discovery as defined in Rule 56.01(b)(1); however, the information sought was denied to the propounder of interrogatories for other reasons). *See also* Annot., 18 A.L.R.3d 922 (1968 & Supp.1985) (useful discussion on the bounds of discovery of material sought only for impeachment purposes in civil cases).

Documents similar to those in question here were requested in the case of *Hammack v. White*, 464 S.W.2d 520 (Mo.App. 1971), cited by relators. In *Hammack*, upon direct appeal, this court ruled that the trial court properly quashed portions of a subpoena duces tecum commanding a physician to bring into court extensive documents relating to his examination and treatment of all patients represented by certain attorneys. The records in *Hammack* were requested at trial and the subpoena issued on the day the trial was to commence. This court found no error in the quashing of the subpoena, but based its reasoning on the untimely request, the burden on the doctor and the delay of the trial. *Id.* at 524. The court did not discuss the impeachment issue because it was unnecessary, given the facts of the case.

All of the cited cases, however, except *Willis v. Brot* and *Hammack v. White* were decided in 1960 or before. Rule 57 became effective in 1960. It was the first rule in which the language appeared "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 57.01 RSMo. 1959. The same language now appears in Rule 56.01(b)(1) relating to general provisions governing discovery which was adopted March 29, 1974, and became effective January 1, 1975, following the repeal of Rule 57, consisting of 57.01 to 57.48. Rule 56.01, still in effect as adopted, is patterned after Rule 26 of the Federal Rules of Civil Procedure which has been interpreted in some federal cases to allow discovery of impeachment material. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure*, §§ 2015, 2206 (1970 & Supp.1985).

The trend in modern times has been to broaden the scope of discovery to the point where discovery procedures have become almost more important than the trial itself. Although several sources indicate that evidence to be used solely for impeachment purposes may be discovered in federal practice by means of subpoenas duces tecum, *see e.g.*, 8 C. Wright & A. Miller, *supra*, and Annot., 18 A.L.R.3d 922 (1968), no current Missouri cases address the issue, and the older cases discussed here hold otherwise.

Without deciding whether the early Missouri cases cited in this opinion still apply to the facts under consideration here, this court rules that the writ should be made absolute because the requests under con-

sideration are so broad as to be defectively oppressive, burdensome, and intrusive.

The respondent's order here requires the production of records spanning a period of two-and-a-half years. In addition the order directs Dr. Frederick to compile statistics from his records for the same two-and-a-half year period. There may also be a violation of the physician-patient privilege if the documents requested by the subpoena were to be produced because they relate to patients who have no connection with the lawsuit.

Many hours, more likely days, would have to be spent by Dr. Frederick or members of his staff in manually searching patient files and reviewing calendars, appointment books, ledgers, and notebooks for the statistics sought. Without question, the onerous task required to meet the demands of the subpoena would constitute an intrusive interference with relator Frederick's medical practice.

In balancing the need of the plaintiffs to obtain the information against the burden of furnishing the documents requested, this court concludes that the burden on Dr. Frederick clearly outweighs the need of the plaintiffs below. *Accord State ex rel. Anheuser v. Nolan,* 692 S.W.2d at 328[5, 6].

This is another example of party's overreaching in pretrial discovery proceedings and subverting the proceedings into a "war of paper" and "it is the affirmative duty and obligation of trial judges to prevent such subversion." *Id.* [4]. To that statement of judicial duty we would add that it is also the duty of trial counsel to exercise judgment in formulating discovery requests by realizing there is a limit to the paperwork burden which may be saddled upon the other party or his witnesses.

It is unnecessary to discuss further the privilege issue which was raised in the briefs.

The preliminary writ in prohibition is made absolute.

SMITH and CRANDALL, JJ., concur.