STATE of Missouri at the Relation,
Mitchell WHITACRE and Dr.
Raymond Frederick, Relators,

v.

Honorable Joseph LADD, Judge of the
Circuit Court, Franklin County,
Missouri, Respondent.

No. 51781.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 30, 1986.

Robert P. McCulloch, St. Louis, for relators.

Gene Farenkrog, St. Louis, for respondent.

KAROHL, Presiding Judge.

The issues in this original proceeding in prohibition are similar but not the same as those considered in *State of Missouri ex rel. Whitacre v. Ladd,* 701 S.W.2d 796 (Mo. App.1985) *(Whitacre I).* In the present case respondent Circuit Judge refused to quash a subpoena duces tecum issued by the Circuit Clerk of St. Louis County, Missouri for Dr. Raymond Frederick to appear in the Circuit Court of Franklin County for trial in the case of *Mitchell v. Whitacre.* In *Whitacre I* the subpoena was a notary public subpoena duces tecum upon Dr. Frederick for a deposition. The deposition subpoena covered records over a period of two and one half years. The present subpoena seeks similar records for a period of one year and requests slightly less information. After our decision in *Whitacre I* no deposition of Dr. Frederick was taken.

■ Prohibition is the proper remedy when a trial court abuses its discretion in a discovery order to the extent that its act exceeds its jurisdiction. *Whitacre I,* 701 S.W.2d at 797. The essential function of prohibition in this court is to confine a Circuit Court within its proper jurisdiction. *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App. 1980). The issuance of the writ is discretionary. *State ex rel. St. Louis County v. Stussie,* 556 S.W.2d 186, 188 (Mo. banc 1977). We conclude the subpoena duces tecum upon Dr. Frederick is unenforceable. For that reason only we find the writ is unnecessary and hold our provisional writ in prohibition should be withdrawn. See, "The writ of Prohibition in Missouri", Vol. 1972 No. 3 *Wash.U.L.Q.,* 511, 512 fn. 6, point (5) (Summer 1972).

Plaintiffs' Corene and David Mitchell served a Circuit Clerk's subpoena duces tecum dated February 18, 1986 upon Dr. Raymond W. Frederick at his offices in St. Louis County, Missouri. The subpoena duces tecum required his appearance in

Division 6 of the Circuit Court of Franklin County, in Union, Missouri on April 10, 1986 for trial and to produce calendars, appointment books, ledgers, notebooks reflecting in person and deposition testimony he may have given between January 1, 1985 and December 31, 1985. The subpoena also requested the same documents indicating office examinations of patients not seen for purposes of treatment during the same period; all bills, invoices and ledgers for any medical-legal activity during the same period. The subpoena also requested Dr. Frederick to compile (without revealing the identity of patients) all patients he had seen during the period; all patients he had not seen for purposes of treatment during the period; all patients he had seen where a medical report was produced concerning patients examined during the period; the total number of depositions given during the period; and, total number of occasions of live testimony in a hearing or judicial proceeding for the period.

Dr. Frederick filed a motion to quash the subpoena duces tecum. He claimed the subpoena was so broad as to be defectively oppressive, burdensome and intrusive; that the subpoena violated patient/physician privilege for patients not involved in the present case and compliance would cause an intrusive interference with his medical practice. Finally Dr. Frederick claimed that the subpoena was defective on its face because it was issued by the Clerk of St. Louis County and commands the production of documents and compilation of statistical information in Franklin County.

Respondent Circuit Judge denied defendant's motion to quash. He found that the information sought by the plaintiff's subpoena duces tecum was relevant for impeachment purposes; did not violate the doctor/patient privilege; and, was not defectively burdensome or oppressive. Respondent Circuit Judge made no finding as to whether a non-party witness may be compelled to compile statistics, whether burdensome and oppressive or not. No authority for such requirement in a subpoena duces tecum has been presented to this court and our research discloses no authori-

ty. Based on his findings respondent Circuit Judge denied the motion to quash "in toto". He ordered the custodian of records for Dr. Frederick to make available for inspection and copying all materials described in the subpoena for plaintiff's examination and copying. He ordered the custodian of records to provide a compilation of statistical information in five categories. He ordered plaintiffs to advance the sum of $300.00 to defray the reasonable costs of marshalling and compiling the materials subject to evidence of additional expenses.

■ The authority and scope for a subpoena duces tecum is found in § 491.100, RSMo Supp.1985. The relevant provisions are as follows:

1. Such summons shall be in the form of a subpoena, shall state the name of the court and the title of the action, the names, addresses and telephone numbers of the attorneys for the respective parties and identifying the attorney or party requesting the attendance of the witness and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified or shall otherwise advise the witness of the name and telephone number of a person who can direct the witness of the time and place his appearance is required. *The clerk of the court wherein the matter is pending,* or the notary public of the county wherein such trial shall be had, shall issue a subpoena, or a subpoena for the production of objects and documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service. (emphasis ours)

The subpoena duces tecum in the present case was issued by the Circuit Clerk for St. Louis County, Missouri and served upon relator Dr. Raymond Frederick in St. Louis County, Missouri. It commands his appearance with the described materials in the Circuit Court of Franklin County, Missouri for a trial pending in that county. Section 491.100, RSMo Supp.1985 does not

authorize the subpoena because it was not issued by the circuit clerk or notary public of Franklin County, Missouri, wherein the trial shall be had. We find it is a nullity. It follows that the refusal of the court to quash the subpoena is of no significance because the subpoena is unenforceable.[1]

We do not reach the questions of patient privilege or defect for oppression, burden or intrusion. Nor do we reach questions of whether the scope of a subpoena duces tecum would be different for a deposition than for trial or whether there would be a difference if the subpoena duces tecum sought direct evidence on a disputed issue as opposed to evidence for impeachment use only. Under the circumstances of the void subpoena duces tecum any discussion of those issues would be merely advisory. We refer that the parties to our decision in *Whitacre I,* and the provisions of Section 491.100, RSMo Supp.1985. We observe however that the issues are interrelated. One difference between a subpoena duces tecum for deposition and a subpoena duces tecum for trial is the presence of the court at trial. At trial the court would have an opportunity to examine any documents produced and determine the application of the patient/doctor privilege; the nature and extent of the documents would be relevant to whether or not it is burdensome, oppressive or intrusive to require the materials to be produced; and, whether the evidence is probative on any issue.

Because we find that the underlying subpoena duces tecum in the present case was not issued by a circuit clerk or notary public of Franklin County, Missouri, wherein the lawsuit is pending or the trial shall be had, it was a nullity. § 491.100 RSMo Supp.1985. For that reason only the provisional writ in prohibition in the present case is dissolved.

KELLY and SATZ, JJ., concur.

---

1. This section 491.100, RSMo Supp.1985 authorizes a subpoena for the production of objects and documentary evidence but does not authorize compilation of data by witness.