Jamie Marie WELTY, a minor, by her mother and next friend, Mary WELTY, et al., Relators,

v.

The Honorable James J. GALLAGHER, Judge, Division One, Circuit Court of the City of St. Louis, Twenty–Second Judicial Circuit, Respondent.

No. 59050.

Missouri Court of Appeals, Eastern District, Writ Division One.

Feb. 5, 1991.

Mark I. Bronson, Charles W. Weinstock, St. Louis, for relators.

Edwin L. Noel, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Lewis T. Booker, Hunton & Williams, Richmond, Va., Ted Perryman, Roberts, Perryman, Bomkamp and Meives, Richard A. Ahrens, Lewis, Rice and Fingersh, St. Louis, for respondent.

PUDLOWSKI, Judge.

Relator seeks a writ of prohibition to prevent having to provide 1) the name of *any* medical professional who has formed an opinion to a reasonable degree of medical certainty that the relator has incurred an injury caused by exposure to dioxin and 2) that for each medical professional identified that the relator also provide his or her address and medical specialty. The respondent trial court ordered disclosure of this information. Relator claims that respondent's order is an abuse of discretion and he acted in excess of his jurisdiction in direct violation of Rule 56.01(b)(4) in compelling relator to disclose information in regard to medical consultants that are not expected to be called as expert witnesses at trial. On October 24, 1990, we issued our preliminary order in prohibition.

Relators are plaintiffs in the underlying civil action involving damages for personal injuries against defendants Syntex Agribusiness, Inc., Syntex (U.S.A.) Inc., Independent Petrochemical Corporation, and Northeastern Pharmaceutical and Chemical Company, Inc. (hereinafter Syntex) pending before the respondent Circuit Court Judge James J. Gallagher in the City of St. Louis. Relators, Jamie Marie Welty and other plaintiffs, fourteen cases involving 355 former residents of Times Beach, Missouri

and the Quail Run Mobile Home Park in St. Louis County were consolidated for the purpose of discovery into the pending action. Their underlying action seeks damages for exposure to dioxin while residing at Times Beach and Quail Run.

On April 25, 1990, defendants Syntex, filed a motion for a case management order. This motion sought from each relator claiming personal injuries related to dioxin exposure (1) an affidavit from a physician who had examined relator, stating that the relator suffers from an illness or injury caused by exposure to dioxin, and (2) an affidavit from the relator describing how relator was exposed to dioxin. On June 18, 1990, at a hearing on the motion, Judge Gallagher declined to enter the proposed order and stated that he did not have the authority to compel the requested affidavits. Instead, however, Judge Gallagher suggested that Syntex propound interrogatories requesting that "each of the relators be required to name a medical expert who's of the opinion that the person has a dioxin-related injury." Judge Gallagher stated further that "[t]he principle issue in these cases is whether or not the multitude of injuries the parties are claiming are dioxin-caused or dioxin-related really ... I think this type of question would get to the heart of the issue.... And I believe an interrogatory directed toward that would be appropriate."

On June 27, 1990, in response to Judge Gallagher's suggestions, defendant Syntex filed three supplemental interrogatories. On July 16, 1990, relators objected to these supplemental interrogatories and on July 17, 1990, relators moved for a protective order. Relators contended that the supplemental interrogatories sought information about medical experts who would not be called as expert witnesses at trial and that a demand for such information went beyond the bounds of Rule 56.01(b)(4). They also contended that this information was protected by the work product doctrine. Thereafter, on August 14, 1990, defendants Syntex filed a motion to compel answers to the supplemental interrogatories. On September 12, 1990, the motion was granted in part and denied in part. In his memorandum opinion and order Judge Gallagher ordered "[Relators] to provide answers to Defendants' Supplemental Interrogatories No. 1 and No. 2(a).[1] Interrogatory No. 1 ordered relators to provide the name of *any* medical professional who has formed an opinion to a reasonable degree of medical certainty that the [relator] has incurred an injury caused by exposure to dioxin. Interrogatory No. 2 ordered relators to provide for each medical professional identified in answer to interrogatory No. 1, to state (a) his or her address and medical specialty.

Relators here are seeking a writ of prohibition to prohibit enforcement of such order. Relators contend that the order requiring answers to interrogatories No. 1 and No. 2(a) is an abuse of the trial court's discretion and that Judge Gallagher acted in excess of his jurisdiction because (1) the interrogatories seek, and will require relators to disclose, the identities of "any" expert witnesses regardless of whether relators expect to have them testify at trial; (2) that this would include expert consultants who are not expected, and who do not expect, to be called upon as a witness at trial or during discovery; and (3) that the identities of such experts, not expected to testify at trial, have long been held to be protected by the "work product privilege."

Respondents contend that a writ of prohibition is inappropriate and unnecessary because the relators could have sought a clarification or narrowing of the order that would have brought the challenged interrogatories within the bounds of Rule 56.01(b)(4)(a). In support of this contention, defendant below, NEPACCO, in its suggestions in opposition to the relator's petition for the writ of prohibition, "agree that plaintiffs (relators) should only be required to identify medical experts who were expected to testify at trial." The question for our determination is whether or not Judge Gallagher has abused his discretion and has exceeded his jurisdiction in order-

---

**1.** Relators objections were sustained as to Interrogatories No. 2(b), No. 2(c) and No. 3.

ing that relators answer such interrogatories.

■ Although respondent challenges the propriety of prohibition, "there is no question the writ may be used to test whether the trial court abused its discretion in denying or granting discovery." *State ex rel. Wohl v. Sprague*, 711 S.W.2d 583, 585 (Mo. App.1986). Prohibition is the appropriate remedy when a trial court abuses its discretion in a discovery order to the extent that its act exceeds its jurisdiction. *State ex rel. Whitacre v. Ladd*, 717 S.W.2d 287 (Mo. App.1986). A writ of prohibition is also proper where a trial judge seeks to permit discovery which is expressly forbidden by statute. *State ex rel Williams v. Mauer*, 722 S.W.2d 296, 297 (Mo. banc 1986); *State ex rel. Faith Hospital v. Enright*, 706 S.W.2d 852 (Mo. banc 1986). Civil Rule 56.01(b)(4) provides in part that:

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
>
> (a) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify.

We must therefore determine whether or not the information required to answer the interrogatories falls within the meaning of this rule.

■ The language of both interrogatory No. 1 and Judge Gallagher's order [2] clearly on their face require identification of medical experts regardless whether relators intend to present the expert testimony at trial. Rule 56.01(b)(4)(a) authorizes a party through interrogatories to "require any other party to identify *each person whom the other party expects to call as an expert witness at trial.*" [Emphasis added]. Interrogatory No. 1 and derivative interrogatory No. 2 go well beyond the bounds of Rule 56.01(b)(4) because they require relators to provide information about any medical experts whose testimony they do not intend to present at trial. Thus, these interrogatories calling for information about medical experts whose testimony relators do not intend to offer at trial are not authorized by Rule 56.01(b)(4)(a). Respondent exceeded his jurisdiction by sustaining these interrogatories.

Although the interrogatories are not authorized by Rule 56.01(b)(4)(a), respondent, nonetheless, contends that under *State ex rel Williams v. Mauer*, 722 S.W.2d 296 (Mo. banc 1986), that the trial court for the purposes of case management can go beyond this rule. Respondent's reliance on *Mauer* is misplaced. *Mauer* arose from a case management order entered by the trial court on sixteen pending civil suits alleging asbestos-related injuries. The case management order established a procedure for discovery in those cases and certain parties sought writ of prohibition contending that the order was contrary to the Rules of Civil Procedure. The Western District issued an absolute order in prohibition. The Supreme Court granted transfer, ultimately holding that the trial court's case management order was not in excess of its jurisdiction, thus quashing the order in prohibition. The Supreme Court stated that "[d]isclosure, prior to trial ... *of those witnesses a party intends to call at trial,* makes eminent sense in matters of complex litigation." *Mauer*, 722 S.W.2d 296 at 301. [Emphasis added]. The court further stated that "such disclosure fosters preparation for cross-examination, the management of exhibits, the focusing of issues, and the orderly and efficient conduct of the trial. *Id.* at 301.

■ At oral argument the relators stated that they had already given to the defendants below, the names of approximately 2,000 physicians who had treated the various relators and have no objection to giving the names and addresses of those

---

2. In the memorandum opinion and order issued by Judge Gallagher, he states that the request in interrogatory No. 1 "is merely for the name of *any* expert with knowledge of causation, ... the request is, therefore, not in violation of the spirit of Rule 56.01." [Emphasis added].

physicians who have an opinion that the complained injury was caused by dioxin exposure. They further agreed to divulge to the defendants below the names and addresses of the experts they intend to call as expert witnesses at trial and the general nature of the subject matter on which the expert is expected to testify within appropriate time. We conclude that the respondent's order exceeded his jurisdiction. In order to conserve judicial economy and costs to the parties we modify the respondent's order. We order the relators to give to the defendants below the names and addresses of those treating physicians, if any, who have formed an opinion that the complained injury was caused by dioxin exposure and who are expected to testify at trial. Further, the relators are ordered to divulge to the defendants below the names and addresses of all experts who relators expect to call as an expert witness at trial and the general nature of the subject matter on which the expert is expected to testify. The respondent shall act in accordance with this opinion.

The writ of prohibition is made absolute.

SIMON, P.J. and KAROHL, J., concur.