**STATE ex rel. Rebecca E. POOKER, by and through her Next Friend, Norman POOKER, Relator,**

v.

**The Honorable Gary P. KRAMER, Respondent.**

**No. SC 87878.**

Supreme Court of Missouri, En Banc.

March 20, 2007.

Michael B. Maguire, Troy A. Brinson, Brown & James, P.C., St. Louis, for relator.

Gary R. Sarachan, Sheila Greenbaum, St. Louis, for respondent.

## PER CURIAM.

Russell and Janet Macke sued Relator Rebecca Pooker for permanent and progressive knee injuries that Russell Macke alleges he suffered in a motor vehicle collision with Pooker. As permitted by Rule 60.01 and requested by Pooker, Russell Macke underwent an independent medical examination by an orthopedic surgeon ("the doctor") employed by a limited liability orthopedics firm ("the firm"). The Mackes then sent the firm a notice of deposition and subpoena duces tecum requiring production of:

- All documents related to fees the doctor received from 2002 through 2006;
- All documents memorializing communications between the firm and the doctor and between the firm and the law firm representing Pooker from 2002 through 2006;
- All documents related to the number of persons who received medical services from the doctor from 2002 through 2006; and
- All documents related to the name of each lawyer and law firm requesting medical services from the doctor from 2002 through 2006.

Pooker filed a motion to quash the subpoena, alleging it was overbroad and sought discovery of irrelevant and privileged matters. The trial court overruled the motion to quash without explanation except citation to *State ex rel. Creighton v. Jackson,* 879 S.W.2d 639 (Mo.App.1994), thus requiring production of the requested documents in their entirety. Pooker filed a petition for writ, and this Court issued its preliminary writ of prohibition.

Rule 60.01(b)(3) provides that the deposition of an independent medical examiner

may be taken "in accordance with the provisions of any other rule" of procedure. Rule 56.01(b)(1) limits discovery to matters reasonably calculated to lead to the discovery of admissible evidence. Rule 57.09(b) permits a subpoena duces tecum for the production of documentary evidence, but Rule 57.09(c) provides that a party issuing a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a non-party subject to the subpoena" and that the non-party "may serve the party seeking discovery with a written objection." Rule 57.09(b)(2) provides that the court may "quash or modify the subpoena if it is unreasonable or oppressive." Further, experts or other persons from whom discovery is sought are entitled to an order protecting them from "annoyance, embarrassment, oppression, or undue burden or expense." Rule 56.01(c). The order may provide that the discovery not be had or may be had only as to certain matters or on specified terms and conditions. *Id.*

■ Here, the proposed discovery was alleged to be necessary to determine bias or prejudice of the doctor, whom the Mackes believed testified almost exclusively for the defense and engaged in little, if any, actual patient treatment. While some discovery on such issues is permissible as relevant for impeachment purposes, impeachment is a collateral matter. As recognized in *Creighton*, the case relied on by the court below, discovery relevant to impeachment must be no more intrusive than necessary and should not be unduly burdensome or require production of confidential information. 879 S.W.2d at 642–43; *see also State ex rel. Whitacre v. Ladd*, 701 S.W.2d 796, 798–99 (Mo.App.1985); *Hammack v. White*, 464 S.W.2d 520, 523–24 (Mo.App.1971).

■ Here, the trial court simply denied the motion to quash in full. This was an abuse of discretion. Asking for all documents about all medical services performed by the doctor, particularly where, as here, medical services is defined to include treatment, and asking for medical records of other patients without redaction and for all attorney communications without limit or redaction for a five-year period goes beyond any proper definition of evidence that is reasonably calculated to uncover bias and is more intrusive than necessary to discover such bias. The requested discovery is particularly overly intrusive because here, unlike in *Creighton* or the other cases cited by the Mackes, the record does not show that the expert or the defendant has failed or refuses to comply with prior discovery attempts or that any specific reason exists to believe that relevant bias could not be ascertained through less intrusive measures.

The lack of a record of exploration of issues relating to relevance, burden, and protection of privileged and confidential matters prevents this Court from determining what lesser degree of discovery would have been within the court's discretion to permit. That is a matter for the trial court in the first instance. Accordingly, the preliminary writ of prohibition is made absolute.

All concur.