STATE of Missouri ex rel. Simon
HORENSTEIN, M.D.,
Relator,

v.

The Honorable Cynthia ECKELKAMP,
Circuit Judge, 20th Judicial
Circuit, Respondent.

No. ED 89653.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

June 29, 2007.

Lawrence Hartstein, St. Louis, MO, for appellant.

Stephen Glassman, Clayton, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Simon Horenstein, M.D. ("Relator") filed a petition for writ of prohibition in this Court seeking to prohibit the enforcement of the Honorable Cynthia Eckelkamp's ("Respondent") April 30, 2007 order, which compelled Relator to produce certain documents at his deposition. On May 4, 2007, this Court issued its Preliminary Order in Prohibition and directed Respondent to file an answer to the petition in prohibition on or before May 10, 2007. Respondent failed to do so and is therefore, in default. The Preliminary Order in Prohibition is hereby made absolute.

Relator was requested by the defendant in a civil suit to review medical records pertaining to plaintiff and to render a medical opinion about those records. Plaintiff's attorney served two subpoenas duces tecum on Relator, seeking documents from January 1, 2002 until December 31, 2006 relating to the number of: "medical-legal examinations" performed by him on non-patients, "medical-legal reports" prepared by him on non-patients, and "medical-legal depositions" given by him on non-patients. The requests also sought the history of courtroom testimony given by him in "medical-legal cases," his 2002–2006 tax returns and all documents relating to the case. Relator filed a motion to quash the subpoenas. Respondent entered an Order on April 30, 2007, requiring Relator to produce the following documents at his deposition: "his current list of his testimonial history; his 1099[1] tax forms for the years 2002–2006; and his appointment books, calendars, and/or schedules for 2002–2006, with patient names redacted."

Relator filed a petition for writ of prohibition in this Court seeking to prohibit the enforcement of Respondent's April 30, 2007 Order. Relator argues this Order is intrusive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. We agree.

Rule 56.01(b)(1) limits discovery to matters "reasonably calculated to lead to the discovery of admissible evidence." A party issuing a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a non-party subject to the subpoena." Rule 57.09(c). Furthermore, experts or other persons from whom discovery is sought are entitled to an order protecting them "from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Rule 56.01(c). The court may "[q]uash or modify the subpoena if it is unreasonable or oppressive. . . ." Rule 57.09(b)(1); *see also Pooker v. Kramer*, 216 S.W.3d 670, 672 (Mo. banc 2007). In *Pooker*, the Supreme Court, in finding the trial court abused its discretion in denying a motion to quash a subpoena duces tecum, reasoned that "the record does not show that the expert or defendant has failed or refuses to comply with prior discovery at-

---

1. Form 1099 is used to report various types of income, other than wages, salaries and tips, to the Internal Revenue Service. *See* http://www.irs.gov/pub/irs-pdf/i1099gi.pdf.

tempts or that any specific reason exists to believe that relevant bias could not be ascertained through less intrusive measures." *Id.*

Here, Relator has indicated he is willing to produce all documents relating to plaintiff's case and documents relating to his billing in this case, as well as a list of cases in which he has previously testified. Respondent's April 30, 2007 Order goes beyond this by requiring Relator to produce "his 1099 tax forms for the years 2002–2006." This request is not limited to documents relating to medical-legal issues, and in light of the limited record before us, we find it to be intrusive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Respondent's Order also requires Relator to produce "his appointment books, calendars, and/or schedules for 2002–2006, with patient names redacted." This request is also not limited to documents relating to medical-legal issues, and in light of the limited record before us, we also find it to be intrusive, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, the preliminary writ of prohibition is made absolute.

LAWRENCE E. MOONEY and ROBERT G. DOWD, JR., JJ.