STATE of Missouri, ex rel., Sarah E. ANHEUSER, Relator,

William S. Anheuser, Intervenor-Relator,

v.

Honorable Margaret M. NOLAN, Judge of the Twenty-First Judicial Circuit, State of Mo., Respondent.

No. 49647.

Missouri Court of Appeals, Eastern District, Division Four.

April 30, 1985.

Rehearing Denied June 5, 1985.

James W. Sherby, St. Louis, for relator and intervenor-relator.

Charles C. Schwartz, Clayton, for respondent.

Irwin M. Roitman, Clayton, for respondent Gantt/Thomas and Associates, Inc.

CARL R. GAERTNER, Presiding Judge.

This is an action in prohibition brought by plaintiff in the underlying case, Sarah E. Anheuser (hereinafter Relator), challenging respondent's order requiring Relator to produce detailed information concerning her financial affairs over a six year period. Relator's husband, William Anheuser, who is not a party to the underlying suit, has intervened to protect his privacy interests in the documents requested. We have issued our preliminary rule and now make that rule absolute.

In the underlying case Relator filed suit against Gantt/Thomas and Associates, Inc., (hereinafter Gantt/Thomas) and Alan R. Thomas (hereinafter Thomas) claiming in part that Gantt/Thomas breached a consultant agreement entered into with Relator and that Thomas, as the alter ego of Gantt/Thomas, should be held individually liable for said breach. Both defendants responded by making a general denial, and alleging that Relator not only failed to state a claim but that there was a failure of consideration in the consultant agreement. Defendants also filed a counterclaim contending Relator breached the contract by failing to provide the services called for under the agreement, by uttering defamatory and derogatory statements, by refusing to attend a convention in Portugal and that she converted certain opera tickets to her own use. Punitive damages are not at issue in this case.

Defendants filed motions requesting Relator to produce numerous financial documents, including her tax returns for 1979 through 1984. The requests were objected to and defendants filed a motion to compel which was sustained.[1] Relator's and inter-

1. Relator was ordered to produce the following documents:
    1. Each federal and state tax return for the years 1979, 1980, 1981, 1982, 1983 and 1984.
    2. Each payroll slip and payroll statement by any employer or business in which plaintiff has an interest for the years 1979 through 1984.
    3. All statements and documents received by the plaintiff for the past six years from any stock or commodities broker pertaining to any stock or commodities account owned by

venor-relator's petition for a writ of prohibition followed.

■ Prohibition is the proper remedy when a trial court makes an order that constitutes an abuse of discretion in discovery proceedings. *State ex rel. Charterbank of Springfield v. Donegan,* 658 S.W.2d 919, 924 (Mo.App.1983). In support of the motion before us, Relator and intervenor-relator maintain that the documents in question contain data concerning their taxes, personal finances, pensions, accounts, and assets, none of which are relevant or probative to any issue raised by the pleadings. We agree. Rule 56.01 states that the court may order any party to produce documents or papers which contain evidence relevant to the subject matter involved in the pending action. While the tendency is to broaden the scope of discovery when necessary to expedite justice and guard against surprise, the evidence requested must appear relevant and material, or tend to lead to the discovery of admissible evidence. *State ex rel. Thomasville Wood Products, Inc. v. Buford,* 512 S.W.2d 220, 222 (Mo.App.1974); *State ex rel. Boswell v. Curtis,* 334 S.W.2d 757, 760 (Mo.App.1960). Clearly this is not the case here. Respondent has ordered Relator to produce extensive materials concerning both Relator and her husband's private financial affairs. Defendants, in turn, have failed to provide this court with any reasonable suggestion whatsoever that would substantiate their claim of relevancy and justify such a broad and intrusive order.

Plaintiff's claim, the defenses thereto and the counterclaim are all predicated upon charges and countercharges regarding compliance with or breach of the consultant agreement. With a single exception, addressed below, none of the financial records ordered produced could have any relevancy whatsoever to any of the allegations in the pleadings. Indeed, both in the briefs filed herein by defendants on behalf of respondent and in oral argument before this court, no contention has been asserted that any of the requested financial records, with the exception of the income tax returns, could have a tendency toward the discovery of admissible evidence.

There is a dispute regarding whether or not the consultant contract formed a part of the consideration for the sale of Gantt/Thomas stock. Defendants argue that Relator's treatment of the payments received under the contract as ordinary income rather than capital gain could tend to refute her contention that such payments are in consideration of the sale of stock. However, Relator admitted under oath in her deposition that she characterized the payments as ordinary income on her tax returns. She has offered to file a written stipulation to the same effect. Thus, the only suggested relevance of the tax returns relates to an undisputed matter. The discovery procedure has not been formulated for the benefit of a litigant who is already in possession of all the facts. *State ex rel. St. Louis Public Service Co. v. McMillian,* 351 S.W.2d 22, 26 (Mo. banc 1961).

■ In seeking not only the tax returns but six years of documents relating to stock and commodity accounts, checking and savings accounts for six years, payroll slips for six years, pension and retirement plan documents and all financial statements from 1979 through 1984, defendants are not merely indulging in a fishing expe-

---

the plaintiff or in which the plaintiff has an interest.

4. All statements for the past six years for each checking account which plaintiff is the owner or signatory or has an interest solely or jointly with any other person.

5. All statements for the past six years for each cash management account and cash accumulation account, of the plaintiff as owner, signatory or in which plaintiff has an interest solely or jointly.

6. All plaintiff's savings account statements and each passbook for the past six years in any bank, savings and loan or depository, in which plaintiff has an interest jointly or solely.

7. All documents, including statements of value pertaining to any pension or retirement plan in which plaintiff has an interest.

8. All financial statements prepared by the plaintiff or at plaintiff's request for submission to any bank or financial institution from 1979 through 1984.

dition, they are guilty of unadulterated harassment and attempted intimidation. *See State ex rel. Kroger Co. v. Craig,* 329 S.W.2d 804, 806 (Mo.App.1959). Subversion of pre-trial discovery into a "war of paper," whether to force an adversary to capitulate under economic pressure or to inflate billable hours, is approaching the point of being a national disgrace to the honor of the legal profession. It is the affirmative duty and obligation of trial judges to prevent such subversion.

The imposition of such an obligation upon trial judges does not affect the generally accepted rule that the propriety of discovery is a matter of discretion to be disturbed by appellate courts only in case of abuse. *State ex rel. Baker v. Kuehl,* 663 S.W.2d 410, 411 (Mo.App.1983). This discretion, however, has never been viewed as unlimited. *State ex rel. Hoffman v. Campbell,* 428 S.W.2d 904, 906 (Mo.App. 1968). Determination of the appropriate boundaries of discovery requests involves "the pragmatic task of weighing the conflicting interests of the interrogator and the respondent." *Id.* Therefore, in ruling upon objections to discovery requests, trial judges must consider not only questions of privilege, work product, relevance and tendency to lead to the discovery of admissible evidence, but they should also balance the need of the interrogator to obtain the information against the respondent's burden in furnishing it. Included in this burden may well be the extent of an invasion of privacy, particularly the privacy of a non-party. *See State ex rel. Boswell v. Curtis,* 334 S.W.2d at 763. Thus, even though the information sought is properly discoverable, upon objection the trial court should consider whether the information can be adequately furnished in a manner less intrusive, less burdensome or less expensive than that designated by the requesting party. *See State ex rel. Albert v. Adams,* 540 S.W.2d 26, 30–31 (Mo. banc 1976).

The instant case serves as an example. The only relevant information sought by the massive request for production con-

cerned the tax treatment accorded by plaintiff to the income from the consultant contract. Rather than requiring the production of all tax records, including the joint returns of plaintiff's husband, the pertinent information could have been and, in fact, was, obtained by deposition. It could also have been discovered by interrogatory or request for admission. Since the deposition testimony amounted to the very admission defendants were seeking, there is no need for additional discovery to establish the same fact. Had the deposition testimony been otherwise, then additional discovery for purposes of clarification or verification may have been appropriate. In such event, the parties and ultimately the trial court, should also consider requests for production of specific documents or portions of records rather than all encompassing "catch-all" demands. *See State ex rel. Boswell v. Curtis,* 334 S.W.2d at 764.

The purposes of discovery are to eliminate concealment and surprise, *Combellick v. Rooks,* 401 S.W.2d 460, 464 (Mo. banc 1966), to aid the litigants in determining the facts prior to trial, *Bethell v. Porter,* 595 S.W.2d 369, 377 (Mo.App.1980) and to provide the litigants with access to proper information with which to develop their respective contentions and to present their respective sides of the issues framed by the pleadings. Fulfillment of these purposes is the fulcrum upon which the need for discovery is to be balanced against the burden and intrusiveness involved in furnishing the information.

For the reasons set forth above, the preliminary writ in prohibition is made absolute.

SMITH and SNYDER, JJ., concur.