**STATE of Missouri, ex rel. MISSOURI COMMISSION ON HUMAN RIGHTS, Appellant,**

v.

**CITY OF ST. LOUIS/ST. LOUIS POLICE DEPARTMENT, Respondent.**

No. 50460.

Missouri Court of Appeals, Eastern District, Division Two.

April 1, 1986.

William L. Webster, Atty. Gen., Jennifer H. Fisher, Asst. Atty. Gen., Jefferson City, for appellant.

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Kathleen A. Gormley, Asst. City Counselors, St. Louis, for respondent.

CRIST, Judge.

The Missouri Commission on Human Rights (Commission) appeals the circuit court's denial of Commission's petition for enforcement of an administrative subpoena against the City of St. Louis, and the St. Louis Metropolitan Police Department (Police Department). We affirm.

Myra Burton filed a complaint against Police Department with the Commission. This complaint alleged Police Department had unlawfully racially discriminated against Burton, a black female, by terminating her employment, ostensibly for abuse of sick leave, but actually on account of her race. The Commission began an investigation, and properly noticed a deposition of Police Department's custodian of records. The Subpoena Duces Tecum required the production of, *inter alia*, all records containing the names of employees terminated for abuse of sick leave during 1981 and 1982.

Police Department did not comply with this portion of the subpoena, resisting on several grounds, including claims the Commission's request was burdensome (see *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 327–28[4–6] (Mo.App.1985) ), and the material sought was not properly disclosable. See *Wilson v. McNeal*, 575 S.W.2d 802 (Mo.App.1978). On February 6, 1985, Commission filed a petition seeking enforcement of the subpoena. No transcript was made of the hearing on this petition, held on March 29, 1985. On June 4, 1985, the court entered an order denying enforcement of the subpoena. By leave of court, Commission filed a late notice of appeal.

The sole issue on appeal is whether the Police Department should be required to produce all records containing the names of employees terminated for abuse of sick leave during 1981 and 1982, as required by the subpoena. It is agreed the propriety of discovery is a matter consigned to the sound discretion of the trial court. Rulings upon matters of discovery will not be disturbed by an appellate court absent an abuse of discretion. *Anheuser*, 692 S.W.2d at 328.

The record on appeal, which consists only of a legal file with no transcript of a hearing on the petition, does not disclose any abuse of discretion. We have no facts showing such an abuse. It is appellant's responsibility to furnish this court with a record containing sufficient facts to establish the erroneous nature of the trial court's ruling. *Morovitz v. Morovitz*, 693 S.W.2d 189, 191[5] (Mo.App.1985). The mere denial of the production of the records sought by the subpoena does not *ipso facto* demonstrate abuse of discretion.

Judgment affirmed.

DOWD, P.J., and REINHARD, JJ., concur.