**HAWKINSON TREAD TIRE SERVICE COMPANY, Respondent,**

v.

**Kay L. WALKER, Appellant.**

**No. 50830.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 2, 1986.

Thomas H. Lake, St. Louis, for appellant.

Martin P. Zucker, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Kay Walker, appeals from a jury verdict in favor of plaintiff, Hawkinson Tread Tire Service Company. On appeal, defendant argues that the trial court erred in ruling on an evidentiary objection. Finding that this argument was not properly preserved for appellate review, we affirm.

A general outline of the facts provides sufficient background for the present ap-

peal. Plaintiff brought suit against defendant, Kay Walker, and his business partner, William Stevens, to recover the amount owed on a promissory note and personal guarantee that Walker and Stevens had executed as consideration for their purchase of the plaintiff's company. Plaintiff sued defendants after they defaulted on their payments under the note, and defendant Walker filed a counterclaim alleging misrepresentation and fraud in the inducement in signing the purchase agreement and the promissory note.

At trial, Walker's counsel attempted to cross-examine Walker regarding the circumstances surrounding the execution of the promissory note and the purchase agreement. The trial court, however, sustained plaintiff's objection to this line of questioning. At the end of the trial, the jury found in favor of plaintiff in the amount of $48,884.96. This appeal by Kay Walker follows.[1]

In his only point on appeal, defendant alleges that the trial court erred in excluding his testimony regarding the circumstances surrounding his signing of the promissory note and the purchase agreement. At trial, defense counsel asked Walker, "Now, was there any discussion between you and Mr. Shelton with regard to accepting a personal guarantee?" The trial court sustained plaintiff's objection and asked for an offer of proof at that time, in order to decide whether such testimony was relevant and admissible. Defense counsel, however, put forth no offer of proof. Defendant contends that the exclusion of his testimony demonstrates an abuse of discretion by the trial court because the testimony was relevant in establishing fraud.

■ Generally, a definite and specific offer of proof is required to preserve the issue of whether testimony was erroneously excluded. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). A specific offer of proof is necessary in order to enable the trial court to intelligently rule on the admissibility of the testimony and for the appellate court to intelligently review the lower court's decision. *State v. Sullivan*, 553 S.W.2d 510, 513 (Mo.App.1977).

■ In order to make an offer of proof, counsel must put forth the proposed questions to the witness who is present and who has taken the stand. *Karashin* at 205. The offer of proof must be more than "a mere statement of the conclusions of counsel." *Sullivan* at 513, *quoting Kinzel v. West Park Investment Corporation*, 330 S.W.2d 792, 795–96 (Mo.1959).

■ The only exception to the offer of proof requirement exists when the excluded testimony is completely understood through the record, is objected to as a category of evidence rather than as specific testimony, and the record reveals that the evidence would have helped the party which put it forth. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883–84 (Mo. banc 1985). This narrow exception recognizes that the purpose behind the offer of proof is to insure that the trial court has a clear understanding of the evidence it rules upon and that the appellate court has a specific record to review. If the testimony is known to all parties, then an offer of proof is unnecessary.

■ In the instant case, defense counsel presented no offer of proof and the excluded testimony did not fit within the general requirement. When the court requested that defense counsel make an offer of proof, the attorney did not put specific questions to Walker, who was on the stand at the time. Instead, defense counsel merely stated, "I inquired of the witness as to the conversations which took place between the C.P.A. and my client at the time of the signing of the note." Defense counsel's statement completely lacks the specific and definite facts which would establish the admissibility of the testimony and preserve this issue for review.

___

1. Defendant William Stevens has not appealed     from the judgment entered by the trial court.

The excluded testimony also fails to fall within the exception to the general requirement of such an offer. On the basis of the court record, it is unclear what the testimony would have been or whether it would have been helpful to defendant. This court would have to guess at the content of defendant's responses to his counsel's questions before deciding if the testimony were improper. Clearly, the lack of clarity surrounding this testimony fails to satisfy the three elements of the exception established by the supreme court in *Frank*.

Defendant has failed to properly preserve his only point of error for appellate review. Accordingly, the trial court's decision is affirmed.

Plaintiff's motion for damages for frivolous appeal, pursuant to Rule 84.19, is denied.

KAROHL, P.J., and SIMON, J., concur.