**Vera ARNDT, Appellant,**

v.

**RAINBOW GLASS COMPANY,**
**Respondent.**

**No. 50563.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 28, 1986.

Rehearing Denied Dec. 3, 1986.

Mark D. Hirschfeld, Clayton, for appellant.

Paul S. Brown, Gary E. Snodgrass, Elizabeth M. Dietzmann, Brown, James & Rabbitt, St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals from a defendant's verdict in a products liability case. Plaintiff claims a door sold and installed by respondent (defendant) was in a dangerous and defective condition; she asserts the door closer at the time of installation was improperly adjusted, enabling the door to open 180 degrees and thus causing her fall and injuries. We affirm.

On the date of the accident, May 13, 1978, plaintiff was entering the Stix, Baer and Fuller Westroads store from the northwest outside entrance. She opened the second door from her left and entered by first pulling on the exterior handle to open the door part way, and then switching her hand to the interior horizontal bar to push the door further open. While proceeding through the door she fell when, according to plaintiff, the door suddenly swung all the way open.

Plaintiff's theory is the door closer was in a dangerous and defective condition by reason of an improper adjustment, and not because the door closer was improperly made or designed. She asserts the door closer must have been improperly adjusted at the time of installation because approximately two years thereafter the door opened 180 degrees and there was no evidence of readjustment during that time.

She alleges that any improper adjustment must have been done by defendant, although, during those two years, the maintenance of the door closer was the responsibility of Stix, Baer and Fuller.

Plaintiff raises two points on appeal: (1) improper rejection of her offer of proof, and (2) error in the admission of evidence not revealed in defendant's discovery responses.

Defendant's lawyer, without objection, read from the police report of the accident: "victim ... stated she entered the foyer ... when she turned around to close the door behind her and she slipped and fell." During rebuttal, plaintiff attempted to make an offer of proof in which she asked to be allowed to testify that after she told him what happened, the police officer repeated to her what he understood her to have said, and that she then corrected him. Plaintiff's attempted offer of proof was:

My offer of proof would be, Judge, that this officer who took a statement from Ms. Arndt, that he repeated what he thought she told him and she corrected him. That's not what she told him.

■ Her proposed offer of proof was denied by the trial court and plaintiff claims prejudicial error by such denial. The offer was not specific and definite, nor was it in question and answer form. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 [5] (Mo. banc 1983). At the time the offer was made, there was no explanation why the evidence should be admissible. *Bine v. Sterling Drug, Inc.*, 422 S.W.2d 623, 631 (Mo.1968). The exclusion of evidence is within the province of a trial judge. *Karashin*, 653 S.W.2d at 205 [3]. Plaintiff's narrative offer of proof without explanation of any possible underlying admissibility was properly denied.

Plaintiff also claims reversible error in the admission of defendant's evidence that a door closer with a back check device was installed on the door. In response to plaintiff's discovery regarding the door closer, defendant inadvertently identified the door closer as a "Norton 1605," a closer without a back check. At trial, defendant introduced an invoice identifying the closer as a "BC Closer/Norton," a closer with a back check device. The difference between the two closers is that a BC Closer/Norton has a back check accessory in the housing of the closer, which protects the closer mechanism as the door approaches the maximum opening point. With either closer, the maximum opening is determined by the closer itself.

■ The purpose of discovery is to eliminate concealment and surprise. *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 328 [7] (Mo.App.1985). The presence of surprise alone does not mandate reversal if the subsequent admission of the evidence is not prejudicial. *Crompton v. Curtis-Toledo, Inc.*, 661 S.W.2d 645, 650 [4] (Mo.App. 1983). Plaintiff may have been surprised by the introduction, at trial, of evidence showing the door had a back check device; however, we are not persuaded there was prejudice where: the evidence was uncontroverted that the door was equipped with a closer so as to prevent it opening 180 degrees; plaintiff asserts the door closer was improperly adjusted and not improperly manufactured or designed; defendant installed and adjusted the door closer two years before plaintiff's fall; Stix, Baer and Fuller performed all maintenance on the door during that two-year period; and plaintiff's expert testified a back check device does not affect how far a door can open. *See Grippe v. Momtazee*, 696 S.W.2d 797, 798–9 [3] (Mo. banc 1985). There was no reversible error.

Judgment affirmed.

KELLY, P.J., and STEPHAN, J., concur.