Helen Mae TAMPER, Appellant,

v.

Ernest H. SCHAPER, M.D., et
al., Respondents.

No. 52365.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1988.

James M. Daly, Franklin H. Albrecht,
Daly & Bell, St. Louis, for appellant.

Robert A. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for respondents.

CRIST, Judge.

Appellant (patient) appeals from a judgment entered on a jury verdict in favor of respondents (doctors). We affirm.

Patient brought a malpractice action against doctors alleging negligent treatment of her work related foot injury in that doctors failed to discover, treat and advise her regarding the irregularities in her vascular system caused by diabetes. Patient contends this failure ultimately resulted in the amputation of her right leg at the knee.

Patient first asserts reversible error in the trial court's failure to admit into evidence statements allegedly made to patient by one of the doctors during the trial. Patient's lawyer characterized the statements as follows: "[I]t concerns statements that he made regarding cleaning up his operation, and further, that he liked her

and further that he had—did not care if she got money to the extent of one hundred fifty thousand dollars."

■ Patient contends the statements were admissible as admissions. Patient's attorney did not seek to admit the statement concerning the $150,000 at trial; therefore, that issue is not before us on appeal. With regard to the remaining statements, we need not determine their admissibility because patient's attorney failed to preserve the issue with a proper offer of proof.

■ Generally, a specific offer of proof is needed to enable the trial court to rule on the admissibility of evidence and to provide an adequate record for appellate review. *Hawkinson Tread Tire Service Co. v. Walker*, 715 S.W.2d 335, 336[1] (Mo. App.1986). Ordinarily an offer of proof should proffer the proposed questions to the witness who is present and who has taken the stand. The offer of proof must be more than a statement of the conclusions of counsel. *Id.* [2].

In this case the offer of proof was inadequate. The record shows some disagreement as to the content of the statements and the context in which they were offered. Thus a more specific offer of proof was required.

■ In any event, the meaning of the two statements did not clearly constitute an admission, and the exclusion of evidence is within the discretion of the trial court. *Arndt v. Rainbow Glass Co.*, 720 S.W.2d 373, 374 (Mo.App.1986). We do not find an abuse of discretion in this case.

■ Patient's remaining allegation of error concerns the trial court's refusal to allow impeachment of one of the doctor's testimony with a memorandum. The memorandum was allegedly written by Carol Caulder. At the time of her foot injury, patient and Carol Caulder were employees of Crown Foods. Patient asserts Caulder sent a memorandum to Crown Foods' insurer stating that one of the doctors told her it was possible the injury to patient's foot triggered the infection patient suffered from. Because the doctor testified contrary to this at trial, patient's attorney sought to use the memorandum for impeachment purposes as a prior inconsistent statement.

The trial judge informed counsel he could use the statement by the doctor if he called Carol Caulder to testify regarding the same. Instead, counsel sought to use the memorandum itself, supported by the identification of the document as a business record of insurer by an employee of insurer under the business records exception.

Under these circumstances, the judge was correct in disallowing the use of the memorandum for impeachment. The proper party to identify the document and relay the doctor's statement was Carol Caulder. The memorandum was not shown to be a verbatim transcript of what the doctor said. It contained hearsay and was very likely Caulder's interpretation of the doctor's remarks. This type of document is not sufficient for impeachment by a prior inconsistent statement. *See Duncan v. State*, 520 S.W.2d 123, 124–25[2] (Mo.App.1975) (police report containing statements written by reporting officer as to what other officers informed him a person said cannot be used to impeach a witness on the basis that his testimony conflicted with that report).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.