**STATE of Missouri, ex rel., the UPJOHN COMPANY, Relator,**

v.

**Honorable Donald E. DALTON, Judge of the Circuit Court of St. Charles County, Respondent.**

**No. 60725.**

Missouri Court of Appeals, Eastern District, Writ Division Six.

April 28, 1992.

J. William Newbold, II, Dudley W. Von Holt, St. Louis, Lane D. Bauer, David W. Brooks, Kansas City, for relator.

Richard K. Coffin, Michael R. Torrence, Gary E. Snodgrass, St. Louis, Linda Miller Atkinson, Detroit, Mich., for respondent.

CARL R. GAERTNER, Presiding Judge.

This is an action in prohibition brought by defendant in the underlying case, Upjohn Company, (hereinafter relator), challenging respondent the Honorable Donald Dalton's order requiring relator to produce documents and answer interrogatories. We issued a preliminary writ, which we now make absolute.

Plaintiffs, the wife and children of Joseph Beer, brought suit in the Circuit Court of St. Charles County against relator and others. Plaintiffs allege that Joe Beer's suicide was induced by a delirium produced by the drug Halcion which was manufactured by relator and prescribed to Joe Beer.

In November, 1990, plaintiffs served relator with 93 document requests and 8 interrogatories. The document requests and accompanying instructions cover 40 pages. In the document requests, the definition of "document" uses 135 words, and most definitions and many requests contain the words "including, but not limited to" or "without limitation" or "any and all". A brief summary of the document requests would not do justice to their overwhelming breadth. For example, plaintiffs seek documents related not only to Halcion, but to other drugs as well. Some of the other things plaintiffs seek are bibliographies, patent and trademark information, budgets, foreign regulations, minutes of meetings, and telephone message slips.

In response to the requests, relators objected that the requests were, among other things, overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Relator objected that the requests would force them to disclose privileged materials. Relators also gave the same objections to the interrogatories propounded by plaintiffs.

Plaintiffs filed a motion to overrule relator's objections and compel relator to produce documents and answer interrogatories. The parties presented the motion to respondent, Judge Donald Dalton, in July, 1991. The documentation, including the requests, motions, briefs, and replies, presented to Judge Dalton was one and one-half inches thick. On August 2, 1991, respondent ordered relator to answer interrogatories and produce documents within 30 days.

Relator filed a petition for writ of prohibition with this court and we granted a preliminary writ in September, 1991. Relator argues, among other things, that plaintiffs discovery requests were overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. We agree.

The purpose of pretrial discovery is to aid the ascertainment of the truth, eliminate surprise, narrow issues, facilitate trial preparation, and obtain relevant information. *State ex rel. Kawasaki Motors*

*Corp., U.S.A. v. Ryan,* 777 S.W.2d 247, 251 (Mo.App.1989). Fulfillment of these purposes is the fulcrum upon which the need for discovery is to be balanced against the burden and intrusiveness involved in furnishing the information. *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 328 (Mo.App.1985). The trial court is vested with broad discretion in administering the rules of discovery and a reviewing court should not disturb a ruling absent an abuse of discretion. *Kawasaki,* 777 S.W.2d at 251. However, the trial judge has the affirmative duty and obligation to prevent the subversion of pre-trial discovery into a war of paper. *Anheuser,* at 328. Thus, prohibition is the proper remedy when a trial court exceeds its jurisdiction or abuses its discretion in making orders for discovery proceedings. *Kawasaki,* at 251.

█ In *State ex rel. Wilson v. Copeland,* 685 S.W.2d 252, 253 (Mo.App.1985), the court granted a writ of prohibition because requests beginning with "any and all documents, reports, statements, or any other written or transcribed material ..." failed to specify the things called for with reasonable particularity. *See,* Rule 58.01. In *Kawasaki,* this court found that the requests were overbroad, burdensome, and oppressive because the requests were not:

> "1) [L]imited to the time frame in which the [product series] was manufactured; 2) limited to the production model of the product series involved in the allegedly defective components at issue; 3) limited to the issues raised in the petition and the alleged defects asserted therein; 4) in conformity with judicial decisions relating to (a) other complaints or accidents under the same or similar circumstances and occurrences within the parameters of the petition and limited to the same or similar product model containing the allegedly defective components; (b) the discoverability of net worth; (c) privileged matters which may invade the relators' privilege of critical self-analysis; (d) the discovery of subsequent repairs or design changes made in the product series."

777 S.W.2d at 253.

In the instant case, the requests are broad. We will not go into the specifics of each request, because the entire document is problematic. Instead, we will describe a few of the larger problems that plague the requests and interrogatories. For example, definition of "document" and requests that begin "any and all" fail to describe items with reasonable particularity. The requests also seek documents relating to products other than Halcion. The requests are not limited to a particular time period. The requests seek items which are privileged. The requested discovery goes beyond a mere fishing expedition, it seems designed to "drain the pond and collect the fish from the bottom." *See In re IBM Peripheral EDP Devices Antitrust Litigation,* 77 F.R.D. 39, 42 (N.D.Cal.1977).

Relator has offered to allow plaintiffs to inspect its new drug application (NDA) at its offices in Kalamazoo, Michigan. The NDA is a 400,000 page collection of documents concerning the drug Halcion. While this may not provide all the information that plaintiffs require, it is perhaps the best place to narrow the search for other documents specifically identified. Should the parties continue with discovery, we suggest that they read the cases cited in this opinion.

█ Both the requests for production and interrogatories in this case are overbroad. The trial court abused its discretion by sustaining the motion to compel answers to overly broad requests for production and interrogatories without balancing the burden and intrusiveness of furnishing the information. Respondent is directed to set aside his order of August 2, 1991, sustaining the motion to compel, but without prejudice to the filing of more narrowly limited interrogatories and requests for production. The preliminary writ in prohibition is made absolute.

GRIMM and SIMON, JJ., concur.