Affirmed and Opinion filed July 25, 2002









Affirmed
and Opinion filed July 25, 2002.

 

 

 

 

 

 

 

                                                                                                                                                            

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01054-CR

____________

 

WILLIAM DEWAYNE JOHNSON,
Appellant

 

V.

 

THE STATE OF TEXAS ,
Appellee

 



 

On
Appeal from the 263rd District Court 

Harris County, Texas

Trial
Court Cause No. 871,882

 



 

O
P I N I O N

In
this appeal, appellant, William Dewayne Johnson, challenges the legal and
factual sufficiency of the evidence to support his conviction for possession
with intent to deliver a controlled substance. 
We affirm.

Background
and Procedural History








Denise
Gonzalez, a property manager, testified that on the afternoon of March 16,
2001, she saw appellant on the property of the Garden Oaks Apartments in Harris
County, carrying a white plastic grocery bag that looked like a AFiesta@
bag.  Gonzalez said she asked appellant,
who was not a resident of the complex, to leave but he returned four or five
times.  Gonzalez called the police.  Angela Johnson, a resident of Garden Oaks
Apartments, testified she was doing her laundry when appellant, whom she knew
was not a resident, entered the laundry room with a brown paper bag.  After he entered the laundry room, Johnson
stated that appellant just sat there and did no laundry.  Then the police officers arrived about five
or ten minutes later.

Houston
Police Officer B. A. Cross testified that he was called to Garden Oaks around
3:15 to 3:30 p.m. regarding trespassers and that Gonzalez described one of the
trespassers to him as a black male wearing a black jersey shirt with yellow
numbers.  Officer Cross stated that he
and Officer Francisco Fernandez saw Johnson, another woman and appellant in the
laundry room around 3:45 p.m.  Appellant
was wearing a black jersey shirt with yellow numbers, matching the description
of the trespasser.  Officer Fernandez
testified that he escorted appellant out of the laudry
room and placed him into the back of the police car while Officer Cross
searched the area.  Officer Cross
testified that he searched the laundry room, trash cans, washers and
dryers.  He found wet men=s
white tee shirts in a dryer that was not running, became suspicious, and
removed a few of the wet shirts, discovering that they were covering a white
plastic shopping bag.  Officer Cross
testified that when he looked inside the white plastic shopping bag, he saw
several white rocks, which he believed were crack cocaine.  He said the bag also contained several cigars
which appeared to be filled with what he believed was marijuana.  Officer Cross took possession of the bag and
returned to the patrol car.  Officer
Fernandez testified that as Officer Cross returned to the police car holding
the white plastic shopping bag, appellant voluntarily stated, AI
didn=t stick nothing in no mother-f___ing
washer.@  Officer Fernandez testified that neither
officer had mentioned where the bag was found prior to appellant=s
statement.  








Connie
Dieringer, a chemist with the Houston Police
Department=s Crime Lab, tested the evidence recovered from the laundry
room and testified that the bag contained approximately 20-30 rocks of crack
cocaine, weighing 10.0 grams, and 40.4 grams of marijuana.  Officer Donald Lablanc
of the Houston Police Department=s Narcotics Division opined that the street value of the
contraband is over one thousand dollars, an amount in his opinion Adefinitely
for intent to deliver.@  Appellant did not
testify.  

The
jury found appellant guilty of possession with intent to deliver a controlled
substance.  The trial court assessed
punishment at thirty years= confinement.  This
appeal followed.

Legal
and Factual Sufficiency

Appellant
claims the evidence is legally and factually insufficient to support his
conviction for possession of cocaine.  We
apply different standards when reviewing the evidence for legal and factual
sufficiency.

When
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier
of fact could have found the elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 318‑19, 99 S.Ct.
2781, 2788‑89 (1979); Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim.
App. 2000). If a reviewing court determines the evidence is
insufficient under the Jackson standard, it must render a judgment of
acquittal because if the evidence is insufficient under Jackson, the
case should never have been submitted to the jury.  See Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996). 
In a legal sufficiency challenge, we do not re‑weigh the
evidence.  King v.
State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).








In
reviewing factual sufficiency, we do not view the evidence Ain
the light most favorable to the prosecution.@  Cain
v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). Rather we ask whether
a neutral review of all the evidence, both for and against the finding,
demonstrates the proof of guilt is either so obviously weak as to undermine
confidence in the jury=s determination, or, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.  Wesbrook
v. State, 29 S.W.3d 103, 112 (Tex.
Crim. App. 2000).

A
person commits an offense if that person knowingly possesses with intent to
deliver a controlled substance.  See
Tex. Health &
Safety Code Ann. ' 481.112.  When an accused is charged with unlawful
possession of a controlled substance, the State must prove: (1) the defendant
exercised actual care, custody, control, or management over the contraband and
(2) the accused knew the object he possessed was contraband.  See Linton v. State, 15 S.W.3d 615,
619 (Tex. App.CHouston [14th Dist.]
2000, pet. ref=d).  Without an admission
by the accused, knowledge may be inferred from the circumstances.  Id. at 618.  While the element of possession may be proved
by circumstantial evidence, such evidence must affirmatively link the defendant
to the offense, so that one may reasonably infer the defendant knew of the
contraband=s existence and exercised control over it.  See McGoldrick
v. State, 682 S.W.2d 573, 578 (Tex. Crim.
App. 1985). 
The State must prove more than that appellant was merely in the vicinity
of the contraband.  Humason v. State, 728
S.W.2d 363, 365 (Tex. Crim. App. 1987).  The thrust of appellant=s
complaint is that the State did not affirmatively link him to the cocaine.  We disagree.

No
set formula of facts necessitate a finding of an
affirmative link sufficient to support an inference of knowing possession.  Hyett v.
State, 58 S.W.3d 826 (Tex.
App.CHouston [14th Dist.]
2001, pet. ref=d).  Rather, affirmative
links are established by a totality of the circumstances.  See Sosa v. State, 845 S.W.2d 479, 483‑84
(Tex. App.CHouston [1st Dist.]
1993, pet. ref=d) (finding the totality of the circumstances was of such a
character that the jury reasonably could conclude the defendant was aware of
the contraband and exercised control over it). 
The number of affirmative links present is not as important as the Alogical
force@
or the degree to which the factors, alone or in combination, tend to
affirmatively link appellant to the contraband. 
See Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  








Here,
the contraband was found in a dryer in the laundry room in which appellant was
present, but not doing laundry.  In
addition, apartment manager Gonzalez testified that she saw appellant
trespassing on the property, carrying a white plastic shopping bag similar to
the one later found in the dryer.  A
search of the laundry room uncovered a white plastic bag with red lettering in
a dryer covered by wet men=s tee shirts containing 20-30 rocks of cocaine as well as
several cigars of marijuana.  Appellant
then made incriminating statements regarding the location where the bag was
found.  The evidence is legally
sufficient if the combined and cumulative effect of all the incriminating
circumstances point to appellant=s guilt.  See Grant v.
State, 989 S.W.2d 428, 435 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  We find
a reasonable jury could conclude appellant was aware of the contraband and
exercised control over it.   

Appellant
next challenged whether the evidence is sufficient to prove appellant=s
intent to deliver.  Intent to deliver
also may be shown by circumstantial evidence. 
Williams v. State, 902 S.W.2d 505, 507 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  Quantity of drugs
possessed can establish an intent to deliver.  See Mack v. State, 859 S.W.2d 526, 527
(Tex. App.CHouston [1st Dist.] 1993, no pet.) (finding
8.9 grams of crack cocaine and no paraphernalia for individual smoking was
sufficient); Johnson v. State, 829 S.W.2d 83, 837 (Tex. App.CDallas
1992, no pet.) (finding 46 individual baggies of
cocaine worth $920 was sufficient). 
Here, the contraband was positively tested as 20-30 rocks of cocaine
weighing 10 grams.  Officer Lablanc testified that based on his experience as an
officer in the narcotics division that, AAnything one gram or above is for distribution, for sale on the street.@  Further, Officer Lablanc
testified that the street value of this evidence is over one thousand dollars,
an amount in his opinion that showed Adefinitely for intent to deliver.@  Expert testimony by an
experienced police officer may establish the intent to deliver.  Mack, 859 S.W.2d at 529 (finding an
experienced officer=s opinion that possession of 29 rocks of crack cocaine worth
$600 was for purpose of resale).  








After
viewing the evidence in the light most favorable to the prosecution, we believe
that a rational trier of fact could have found the
essential elements of the offense of possession with intent to deliver a
controlled substance. 

Appellant further claims the evidence is factually
insufficient to support his conviction for possession of cocaine.  In conducting a factual sufficiency review,
we only exercise our fact jurisdiction to prevent a clearly wrong and unjust
result.  See Westbrook, 29 S.W.3d at 112.  We
do not find evidence in the record that greatly outweighs the evidence
supporting the trial court=s judgment.  For the
reasons discussed above, the jury=s decision was not so
contrary to the weight of the evidence as to be clearly wrong and unjust. 

We conclude that the State presented legally and factually
sufficient evidence to the jury to show that appellant was in possession of
cocaine.  Appellant=s points of error are overruled. 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed July
25, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).