STATE of Missouri, ex rel. Jennifer
MacDONALD, Relator,

v.

Honorable James FRANKLIN, Circuit
Court Judge, Camden County,
Missouri, Respondent.

No. 26344.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 23, 2004.

Faye M. Coultas, Coultas & Green, L.L.C., Osage Beach, for relator.

Michael A. Carter, Phillips, McElyea, Carpenter & Welch, P.C., Camdenton, for respondent.

ROBERT S. BARNEY, Judge.

Jennifer MacDonald ("Relator") seeks to prohibit the Honorable James Franklin ("Respondent"), from enforcing his June 15, 2004, order overruling Relator's objections to interrogatories propounded by John and Tammy Williams ("Defendants").

Relator filed a four count petition against Defendants based on allegations of breach of contract, negligent performance of contract, breach of implied warranty and breach of express warranty arising from the construction and sale of a home by Defendants to Relator. In their answer, Defendants generally denied all of Relator's allegations and set forth numerous affirmative defenses.

On March 29, 2004, Defendants propounded eight interrogatories to Relator and, thereafter, Relator objected to numbers 3, 4, and 5 of the interrogatories. These interrogatories are as follows:

3. State the names and addresses of your employers for the last ten (10) years.

4. State the number of times that you have been married and the name and address of each former husband.

5. Identify all legally prescribed medications that you are currently taking or have taken for depression, anxiety or any other emotional problem in the last five (5) years.

Relator objected to these interrogatories on the basis that "interrogatories no. 3, 4, and 5 were overly broad and irrelevant, unrelated to any issue raised by the pleadings, and not calculated to lead to the discovery of admissible evidence."

A hearing was held in the trial court on June 15, 2004. In his handwritten docket entry following the hearing, Respondent set out that: "[Relator's] objection to Interrogatories of Defendant[s] # 3 is overruled; # 5 is overruled; and # 4 is overruled as to the dates of [Relator's] last marriage and the duration thereof and identity of most recent ex-Husband."

Relator filed her Petition for Writ of Prohibition on June 30, 2004, requesting Respondent be prohibited from enforcing his order overruling her objection to interrogatories. Thereafter, this Court entered a "Preliminary Order in Prohibition" on July 15, 2004, directing Respondent to refrain from enforcing his June 15, 2004

order pending further disposition in the matter.

■ "The extraordinary remedy of a writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy a excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order." *State ex rel Proctor v. Bryson,* 100 S.W.3d 775, 776 (Mo. banc 2003). "Prohibition is the proper remedy for an abuse of discretion during discovery." *State ex rel. Ford Motor Co. v. Messina,* 71 S.W.3d 602, 607 (Mo. banc 2002); *see State ex rel. Arnett v. Greer,* 921 S.W.2d 128, 129 (Mo.App.1996); *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 327 (Mo.App.1985). The standard of appellate review on this issue is set out in *State ex rel. Lichtor v. Clark,* 845 S.W.2d 55 (Mo.App.1992):

> The trial court is allowed broad discretion in the control and management of discovery. It is only for an abuse of discretion amounting to an injustice that the appellate courts will interfere. A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.

*Id.* at 59 (internal citations omitted).

■ "A writ of prohibition is an extraordinary remedy to be used with great caution, forbearance, and only in cases of extreme necessity."[1] *Scott County Reorganized R–6 School Dist. v. Missouri Comm'n on Human Rights,* 872 S.W.2d

892, 893 (Mo.App.1994). The burden of persuasion lies with Relator. See parallel discussion in *State ex rel. Ford Motor Co. v. Westbrooke,* 12 S.W.3d 386, 391 (Mo. App.2000). However, the "party seeking discovery shall bear the burden of establishing relevance." Rule 56.01(b)(1).

■ Relator raises two points in support of her request for a writ of prohibition. Since Respondent concedes Relator's second point, relating to interrogatory number 5, this Court will concern itself only with the issues raised in Relator's first point, regarding interrogatories number 3 and 4.

In her sole point under review, Relator asserts Respondent abused his discretion and exceeded his jurisdiction by ordering her to answer interrogatories number 3 and 4, because these interrogatories "fail to meet the requirements of Missouri law"; "are overly broad and irrelevant"; and, are "unrelated to any issue raised in the pleadings."

■ Under current practice, the purpose of discovery is to eliminate concealment and surprise, assist litigants in determining facts prior to trial, and provide litigants with access to proper information through which to develop their contentions in order to present their sides of the issues as framed by the pleadings. *State ex rel. Woytus v. Ryan,* 776 S.W.2d 389, 391 (Mo. banc 1989). "The need for discovery, however, must be balanced against the burden and intrusiveness involved in furnishing this information." *Id.*

■ "On its face, [rule 56.01] appears to limit discovery to that which is relevant to 'the subject matter' of the action." *State ex rel. Creighton v. Jackson,* 879 S.W.2d 639, 642 (Mo.App.1994). Rule

---

**1.** Writs of Prohibition are governed by Rule 97. Here, all Rule references are to Missouri Court Rules (2003), unless otherwise indicated.

56.01(b)(1) states, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Determining the appropriate scope of discovery requests involves " 'the pragmatic task of weighing the conflicting interests of interrogator and the respondent.' " *State ex rel. Anheuser,* 692 S.W.2d at 328 (quoting *State ex rel. Hoffman v. Campbell,* 428 S.W.2d 904, 906 (Mo.App.1968)). The trial court must not only consider questions of privilege, work product, relevance, and the tendency of the request to lead to discovery of admissible evidence, it must also balance the need of the interrogator to obtain the information against the responding party's burden in furnishing it, including the extent to which the request will be an invasion of privacy. *Id.*

As best we can discern, Defendants argued in Respondent's court, as they do now, that Relator was required to answer their interrogatory number 3, requesting information about Relator's employment history, because the information solicited could provide a defense to the claims of Relator. In particular, Respondent asserts that Defendants "are entitled to know what Relator's work history is and whether through that work history Relator has acquired special knowledge or skills which would make [Defendants] less liable for the damages sustained by Relator, if any, or which could have placed Relator in a position where she could have mitigated her damages." In interrogatory number 4, which requested information relating to Relator's marital history, Defendants maintained and Respondent asserts that "[t]he individuals sought to be discovered in interrogatory No. 4 may have information regarding whether or not Relator has acquired special knowledge or skills which

would limit the amount of damages she could recover, if any, or which placed her in a position whereby she could have mitigated her damages." Respondent posits the information in "Interrogatory No. 4 is directly relevant to the special knowledge Relator may have gained which could limit any damages she may recover and to which the individuals sought to be discovered could testify."

The purpose of pretrial discovery is to aid in the ascertainment of the truth, eliminate surprise, narrow issues, facilitate trial preparation, and obtain relevant information. *State ex rel. Kawasaki Motors Corp., U.S.A. v. Ryan,* 777 S.W.2d 247, 251 (Mo.App.1989). "Fulfillment of these purposes is the fulcrum upon which the need for discovery is to be balanced against the burden and intrusiveness involved in furnishing the information." *State ex rel. Upjohn Co. v. Dalton,* 829 S.W.2d 83, 85 (Mo.App.1992). "Despite all the beneficial aspects of our modern rules of discovery, they are not talismans without limitations." *Kawasaki,* 777 S.W.2d at 251.

Interrogatories number 3 and 4 request information about Relator's marital and employment history, although Relator's underlying petition sets out actions for breach of contract and negligent performance of contract, together with breaches of implied and express warranties arising from the sale and construction of Relator's home. It is this Court's view that these interrogatories are "not limited to the issues raised in the petition [and are] overly broad and objectionable." *State ex rel. Pierson v. Griffin,* 838 S.W.2d 490, 491–92 (Mo.App.1992).

The term "relevant" as envisioned by Rule 56.01(b) is broadly defined to include material "reasonably calculated to lead to the discovery of admissible evidence." *State ex rel. Stecher v. Dowd,* 912 S.W.2d

462, 464 (Mo. banc 1995) (quoting Rule 56.01(b)(1)). The relevancy of interrogatories number 3 and 4 "seem[s] remote and tenuous in light of the ultimate factual issue." *State ex rel. Hoffman,* 428 S.W.2d at 906. Without citation to authority, Respondent's arguments fail to persuade this Court that the information requested in these interrogatories would aid Defendants' contention that Relator had a duty to mitigate damages. In short, this Court does not see the relevancy of the solicited information.

As stated previously, prohibition is the proper remedy when a trial court issues an order in discovery proceedings that is an abuse of discretion. *State ex rel. Stecher,* 912 S.W.2d at 465. Respondent abused its discretion by overruling Relator's objections to interrogatories number 3 and 4. Relator's first point is granted.

The preliminary order in prohibition is made absolute.

SHRUM, J., and BATES, C.J., concur.