STATE of Missouri ex rel. COFFMAN GROUP, L.L.C., a Missouri Limited Liability Company, and Coffman Group, L.L.C., a Kansas Limited Liability Company, Relators,

v.

Honorable J. Miles SWEENEY, Respondent.

No. 26793.

Missouri Court of Appeals, Southern District, Division One.

Oct. 27, 2005.

Randy R. Cowherd and Lucas C. Smith, Haden, Cowherd & Bullock, L.L.C., Springfield, MO, for Relators.

Noah K. Wood, Law Offices of Wood & Associates, Springfield, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

This is an original proceeding in prohibition brought by Coffman Group, L.L.C., a Missouri limited liability company and Coffman Group, L.L.C., a Kansas limited

liability company (hereinafter together as "Relator"). Relator seeks to prohibit the Honorable J. Miles Sweeney (hereinafter "Respondent") from enforcing his amended discovery order of January 26, 2005, compelling Relator to respond to Top Craft, Inc.'s (hereinafter "Plaintiff") interrogatory number twelve and request for production of documents number thirteen. We issued our preliminary order in prohibition on February 23, 2005. We now make our preliminary order absolute as it relates to Respondent's order concerning Plaintiff's request for documents number thirteen. We dissolve our preliminary order as it pertains to Plaintiff's interrogatory number twelve.

The underlying action alleges a violation of the federal Telephone Consumer Protection Act (hereinafter "TCPA"), specifically 47 U.S.C. § 227(b)(1)(c) (2000). That section states: "[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine ... to send an unsolicited advertisement to a telephone facsimile machine." *Id.* at § 227(b)(1)(c). "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." *Id.* at § 227(a)(4).

Plaintiff filed a petition denominated "Petition for Damages (Class Action)" in the Circuit Court of Greene County on March 15, 2004. Plaintiff then served discovery requests on Relator in the form of interrogatories and requests for production of documents. Only Plaintiff's interrogatory number twelve and request for documents number thirteen are contested by Relator.[1]

Interrogatory number twelve stated:

12. For each instance you [Relator] have transmitted a facsimile advertisement in the last 4 years:

    (a) Identify who created such advertisement;

    (b) Identify who transmitted such advertisement;

    (c) Identify all recipients of such advertisements;

    (d) State what date(s) such advertisement was transmitted;

    (e) Attach a copy of such advertisement; (This shall be construed as a request for production pursuant to Rule 58.01)

    (f) State the location such advertisement was transmitted from;

    (g) Identify what device was used to transmit such advertisement;

    (h) State whether or not such advertisement was transmitted with the express consent of the recipient.

Plaintiff's request for documents number thirteen stated:

13. All documents relating to third parties that have transmitted fax advertisements on behalf of Defendants.

Relator objected to these discovery requests as unduly burdensome, not reasonably calculated to lead to admissible evidence, inquiring into irrelevant matters, and requiring disclosure of protected trade secret information. Respondent ordered

---

1. Respondent had not determined whether a class action could be maintained, *see* Rule 52.08, before Relator sought prohibition with this Court. Before class certification is granted, the court must find that:

    (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 52.08(a).

the information in Plaintiff's interrogatory number twelve and request for documents number thirteen to be disclosed by Relator following both a hearing on Plaintiff's motion to compel and Relator's motion for reconsideration. Respondent further issued a protective order to restrict the use and disclosure of all information and documents provided by Relator by any person, for any purpose, outside of the pending litigation. However, the clerk of the circuit court failed to properly serve Relator with Respondent's discovery order. Respondent then issued an amended discovery order, once again requiring Relator to disclose the requested information, on January 26, 2005.

In Point I, Relator contends that it is not required to respond because both interrogatory number twelve and request for documents number thirteen call for the disclosure of information that is: (1) not relevant to the issues pleaded in Plaintiff's petition; (2) burdensome; and (3) not reasonably calculated to lead to admissible evidence at trial. In Point II, Relator argues that the information Plaintiff seeks constitutes protected trade secret information, and therefore Respondent cannot compel its disclosure.

■ A writ of prohibition is an extraordinary remedy to be applied when: (1) it is necessary to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) there is a need to remedy an excess of jurisdiction or an abuse of discretion when the trial court lacks the power to act as intended; or (3) a party may suffer irreparable harm if relief is not made available in response to the trial court's order. *State ex rel. Proctor v. Bryson,* 100 S.W.3d 775, 776 (Mo. banc 2003); *State ex rel. MacDonald v. Franklin,* 149 S.W.3d 595, 597 (Mo.App.2004). The trial court is entitled to broad discretion in its management of discovery. *Mac-*

*Donald,* 149 S.W.3d at 597 (citing *State ex rel. Lichtor v. Clark,* 845 S.W.2d 55, 59 (Mo.App.1992)). However, a writ of prohibition is appropriate when the trial court abuses its discretion during discovery. *State ex rel. Ford Motor Co. v. Messina,* 71 S.W.3d 602, 607 (Mo.banc 2002). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *MacDonald,* 149 S.W.3d at 597 (quoting *Lichtor,* 845 S.W.2d at 59). A writ of prohibition, however, is to be used with significant caution, and only in cases of extreme necessity. *Id.*

■ Rule 56.01(b) governs the scope of discovery in this case. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action[.]" Rule 56.01(b)(1). The discovery need not be admissible at trial, but rather must appear "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The party moving to obtain discovery must establish the relevance of the information in order to obtain it. *Id.*

■ Missouri courts recognize that the rules of discovery serve to eliminate concealment and surprise at trial. *Combellick v. Rooks,* 401 S.W.2d 460, 464 (Mo. banc 1966); *State ex rel. Kawasaki Motors Corp. U.S.A. v. Ryan,* 777 S.W.2d 247, 251 (Mo.App.1989). Nevertheless, our discovery rules "are not talismans without limitations." *Kawasaki Motors Corp.,* 777 S.W.2d at 251. The boundaries of discovery requests are to be determined by balancing the conflicting interests of the interrogator and the respondent. *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 328 (Mo.App.1985). The need of the interrogator to obtain the discovery must be weighed against the respondent's burden

in disclosing it. *Id.* In addition, even though the information is properly discoverable, the trial court should consider whether the information may be obtained in a less burdensome way than that designed by the requesting party. *Id.*

■ We first consider Relator's objections to Plaintiff's interrogatory number twelve. Relator concludes that this request is overbroad, irrelevant to the petition, and not reasonably calculated to lead to admissible evidence because Plaintiff only specifically averred a single violation of the TCPA. Relator cites Plaintiff's petition which states "[o]n or about October 29, 2003 at approximately 1:54 a.m., [Relator] transmitted or caused to be transmitted to Plaintiff's fax machine an unsolicited advertisement." Relator urges that because of this language in the petition, Respondent had no authority to compel it to disclose information regarding facsimile transmissions in any other instances. Relator does not persuade us with this argument.

■ Immediately following the language of the petition Relator cites, Plaintiff alleges a putative class of plaintiffs, possibly ranging into the thousands, that has been injured by Relator's TCPA violations. As such, Plaintiff will need to meet the class certification requirements found in Rule 52.08(a). When it is unclear from the petition whether class certification may be granted, the trial court is to allow pre-class certification discovery so that the plaintiff may be afforded the opportunity to prove the class certification prerequi-

sites. *Cf. Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir.1982); *see Pittman v. E.I. duPont de Nemours & Co.,* 552 F.2d 149, 150 (5th Cir.1977); *Cruz v. Estelle,* 497 F.2d 496, 499 (5th Cir.1974); *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir.1974); *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972). The federal cases cited for this point are persuasive authority. *See State ex. rel. Blue Cross & Blue Shield of Missouri v. Anderson,* 897 S.W.2d 167, 170 (Mo.App.1995).[2]

It is not clear from examining the petition whether the class certification prerequisites will be met. Therefore, Respondent is allowed to order discovery on this issue. Not only must Plaintiff prove that the class members are so numerous that joinder is impracticable, but it must also prove that there exist questions of law or fact common to the alleged class. Rule 52.08(a). The commonality of questions of law or fact depend on whether or not Relator used a "telephone facsimile machine . . . to send an unsolicited advertisement to a telephone facsimile machine" of other class members. 47 U.S.C. § 227(b)(1)(c). The information in interrogatory number twelve is reasonably calculated to lead to admissible evidence as to whether or not the advertisements were indeed unsolicited, as "unsolicited advertisement" is defined in 47 U.S.C. § 227(a)(4). Respondent's order is not unduly burdensome, nor is it overbroad. Interrogatory number twelve is limited to a four-year time frame, and it is limited in scope to requests of information dealing only with facsimile advertisements. We

**2.** *Blue Cross & Blue Shield* stated that "[a]s [Rule 56.01(c) ] is identical to Rule 26(c), Fed. R.Civ.P., and apparently it came from it, federal law, in interpreting its rule, is strong, persuasive authority as to the meaning of the Missouri rule." *Blue Cross & Blue Shield,* 897 S.W.2d at 170. Likewise, the prerequisites for maintenance of a class action in

federal courts found in Fed.R.Civ.P., 23(a) is identical to the Missouri Rule found in 52.08(a). Interpretations of the federal rules of civil procedure are considered by Missouri courts in interpreting Missouri rules of civil procedure. *See State ex rel. Byrd v. Chadwick,* 956 S.W.2d 369, 378 (Mo.App.1997).

cannot say that compelling Relator to disclose the information requested in interrogatory number twelve shocks the sense of justice. Point I, in as much as it relates to interrogatory number twelve, is denied.

Respondent's order that Relator produce the documents in Plaintiff's request for documents number thirteen presents a different situation. A request to produce documents "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Rule 58.01(b). In the case of *State ex rel. Upjohn Co. v. Dalton,* 829 S.W.2d 83 (Mo.App.1992), the plaintiff served interrogatories and document requests that failed to describe items with reasonable particularity. *Id.* at 84–85. Most of the plaintiff's discovery requests began with words such as "any and all." *Id.* at 84.

In *Kawasaki Motors Corp.,* 777 S.W.2d 247 (Mo.App.1989), the plaintiff filed a products liability action against the defendant stemming from an alleged malfunction of one of the defendant's all-terrain vehicle (ATV) models. *Id.* at 248. The plaintiff requested discovery on all thirty-eight of the defendant's ATV models, not just the model that caused the plaintiff injury. *Id.* at 249. In that case, the Eastern District found the discovery request to be overbroad, burdensome, and oppressive and stated that the plaintiff's request was not (1) limited to the time frame in which the ATV model causing injury was manufactured; (2) limited to the production model of the injury-causing ATV; and (3) limited to the issues raised in the petition. *Id.* at 253. The court found that requesting information on all of the defendant's thirty-eight ATV models would not limit the discovery request to the same or similar circumstances of the underlying products liability action. *Id.* at 252.

We hold that Respondent abused his discretion in compelling production of "[a]ll documents relating to third parties that have transmitted fax advertisements on behalf of [Relators]." This request is overbroad and appears to call for documents that would be irrelevant to the pending action. It encompasses *any* document, of *any* nature, by a third party that has faxed an advertisement on behalf of Relator. Such documents may be wholly irrelevant to the TCPA violations at issue, or to facsimile advertisements in general. By requiring Relator to provide every document simply relating to a third party that has faxed advertisements on behalf of it, Respondent has failed to limit discovery to the same or similar circumstances in the pending litigation or to the class certification requirements.

Plaintiff's need for such a vast amount of irrelevant information is superceded by the need to not oppress and unduly burden Relator in sorting through and compiling information on every document, of any nature, relating to a third party faxing an advertisement on its behalf. *See Upjohn Co.,* 829 S.W.2d at 85 (stating "the need for discovery is to be balanced against the burden and intrusiveness involved in furnishing the information"); *see also Anheuser,* 692 S.W.2d at 328 (stating that it is the duty of trial judges to ensure that pretrial discovery does not amount to a "war of paper").

In Point II, Relator argues that Respondent has ordered the disclosure of protected trade secret information by sustaining Plaintiff's motion to compel. In *Nat'l Rejectors, Inc. v. Trieman,* 409 S.W.2d 1, 18 (Mo.banc 1966), the court found that it is impossible to exactly define what a "trade secret" is. The court stated, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives

him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.*

Factors to consider in determining whether the information is the holder's trade secret include: (1) the extent to which the information is known outside of the holder's business; (2) the extent to which it is known by employees and others involved in the holder's business; (3) the extent of measures taken by the holder to guard the secrecy of the information; (4) the value of the information to the holder and to the holder's competitors; (5) the amount of effort or money expended by the holder in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Nat'l Rejectors, Inc.*, 409 S.W.2d at 19; *Lyn–Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 698 (Mo.App.1999); *Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239, 250 (Mo.App.1993). The existence of a trade secret is a conclusion of law based on the applicable facts. *Lyn–Flex West, Inc.*, 24 S.W.3d at 698.

The record in this case contains insufficient facts for this court to conclude, as a matter of law, whether Respondent ordered the disclosure of protected trade secrets. Respondent's amended discovery order states that a protective order is to be prepared to protect the dissemination of the information and documents to any person not directly participating in the pending litigation. The record before us does not reveal facts tending to show that trade secrets will be disclosed. It is therefore impossible for this court to go through the factor analysis of *Nat'l Rejectors, Inc.* and its progeny. Relator alleges some pertinent facts in its brief that could help this court in its factor analysis, but such allegations alone will not be considered. *State ex inf. Riederer ex rel. Pershing Square Redevelopment Corp. v. Collins*, 799 S.W.2d 644, 649 (Mo.App.1990); *see also Kummer v. Cruz*, 752 S.W.2d 801, 809 (Mo.App.1988). Relator has an obligation to make a proper record on this issue before we may review it. *See Chilton v. Gorden*, 952 S.W.2d 773, 777 (Mo.App. 1997) (stating "[t]he obligation to make a record ... concerning issues a party may wish to present on appeal is on that party."). Point II is denied.

Respondent is directed to set aside his amended discovery order sustaining Plaintiff's motion to compel as it relates to Plaintiff's request for production of documents number thirteen. As to Respondent's amended discovery order compelling answers to Plaintiff's interrogatory number twelve, the preliminary order is dissolved.

PARRISH and RAHMEYER, JJ., concur.